ORIGINAL

Susan F. Halman, State Bar No. 111511
E-mail: shalman@selvinwraith.com
Joshua S. Leach, State Bar No. 209061
E-mail: jleach@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (510) 874-1811
Facsimile: (510) 465-8976

Attorneys for Defendant
NIC INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO**

| | |
|---|---|
| PHILIP SALBATO dba SALBATO CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>NIC INSURANCE COMPANY erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive,<br><br>Defendants. | CASE NO. '07 CV 1992 JLS (LSP)<br><br>Orange County Superior Court Action No.: 07CC07481<br><br>**DECLARATION OF SUSAN F. HALMAN IN SUPPORT OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY JURISDICTION)** |

I, SUSAN F. HALMAN, declare:

I am a partner with the law firm of Selvin Wraith Halman LLP, counsel of record in this matter for Defendant NIC Insurance Company ("NIC"). I am licensed to practice before this Court, and I have been involved in all matters concerning this litigation since its inception. I have personal knowledge of the following facts and would competently testify to the truthfulness if called as a witness:

1. On July 9, 2007, Plaintiff's Complaint was properly served upon

Navigators Insurance Company, and my firm was engaged to defend this litigation. A copy of the Complaint is attached hereto as **Exhibit "A".** On July 20, 2007, I spoke with attorney Sarah E. Greenberg, at the law firm of Newmeyer & Dillion LLP, representing plaintiff in this litigation. I advised Ms. Greenberg that plaintiff had sued the wrong insurer, and that plaintiff's insurance policy at issue in this litigation had been issued by NIC Insurance Company. I agreed to accept service on behalf of NIC Insurance Company of an amended complaint correcting this error. On July 25, 2007, plaintiff's counsel served by regular mail Plaintiff's First Amended Complaint. A copy of the plaintiff's First Amended Complaint is attached hereto as **Exhibit "B".**

2. I read both plaintiff's Complaint and plaintiff's First Amended Complaint shortly after I received each document. The pleadings did not allege the domicile of NIC Insurance Company, and I could not ascertain from the pleadings whether the amount in controversy exceeded $75,000.

3. During my July 20, 2007 telephone call to Ms. Greenberg, I asked her to tell me the amount in controversy in the litigation. Ms. Greenberg told me that she did not know, and would call me back after speaking with her colleague, attorney Bonnie Roadarmel. Ms. Greenberg did not call me back with this information.

4. On August 2, 2007, I again telephoned Ms. Greenberg inquiring about the amount in controversy in this litigation. I did not receive a substantive response from plaintiff's counsel.

5. On August 27, 2007, NIC Insurance Company filed its Answer to Plaintiff's First Amended Complaint in the Superior Court of the State of California for the County of Orange, declaring that NIC Insurance Company is a New York corporation. A copy is attached hereto as **Exhibit "C".**

6. On August 28, 2007, NIC Insurance Company served Form Interrogatories – Set One upon plaintiff Philip Salbato dba Salbato Construction using the Judicial Council of California Form DISC-001 (Rev. 1/1/2007), requesting responses, in particular, to Form Interrogatory no. 9.1. A copy of NIC's Form

Interrogatories served upon plaintiff is attached hereto as **Exhibit "D".**

7. On October 2, 2007, Plaintiff Philip Salbato dba Salbato Construction served Responses to NIC's Form Interrogatories – Set One. A copy of plaintiff's Responses is attached hereto as **Exhibit "E"**. My firm received plaintiff's Responses on October 4, 2007. In plaintiff's Response to Form Interrogatory no. 9.1, plaintiff discloses to NIC, for the first time, the specific amount of his damages claimed against NIC Insurance Company in this litigation: (1) legal fees and costs of $406,000 incurred in defending underlying litigation; (2) the sum of $625,000 as the cost to repair property damage claimed by the underlying claimant; and (3) legal fees and costs incurred in prosecuting this action.

8. NIC Insurance Company is filing this Notice of Removal within 30 days of having ascertain from the plaintiff's Responses to Form Interrogatories – Set One that the amount in controversy exceeds $75,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of October 2007, at Oakland, California.

Susan F. Halman
SUSAN F. HALMAN

45795.doc

EXHIBIT A

1502.103

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 29 2007

ALAN SLATER Clerk of the Court

BY Y MEJIA DEPUTY

NOTICE TO DEFENDANT.
(AVISO AL DEMANDADO)
NAVIGATORS INSURANCE COMPANY

served 7/9/07

200, inclusive
YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE)·
PHILIP SALBATO dba SALBATO CONSTRUCTION

GS 305 77301

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff A letter or phone call will not protect you Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), your county law library, or the courthouse nearest you If you cannot pay the filing fee, ask the court clerk for a fee waiver form If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court

There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program You can locate these nonprofit groups at the California Legal Services Web site (www lawhelpcalifornia org), the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), or by contacting your local court or county bar association

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante Una carta o una llamada telefónica no lo protegen Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte Es posible que haya un formulario que usted pueda usar para su respuesta Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www courtinfo ca gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca Si no puede pagar la cuota de presentación, pida al secretario de la corte que le de un formulario de exención de pago de cuotas Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia*

*Hay otros requisitos legales Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www courtinfo ca gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales*

The name and address of the court is
*(El nombre y dirección de la corte es)*
ORANGE COUNTY SUPERIOR COURT
700 Civic Center Drive West
SAME
Santa Ana, California 92701
CENTRAL JUSTICE CENTER

CASE NUMBER *(Número del Caso)*: 07CC07481

JUDGE COREY S. CRAMIN
DEPT. C8

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es).*
Bonnie Roadarmel, CBN 151012 (949) 854-7000 (949) 854-7099
Sarah E. Greenberg, CBN 237576
NEWMEYER & DILLION LLP
Newport Beach, CA 92660

DATE *(Fecha)* JUN 29 2007 ALAN SLATER Clerk, by *(Secretario)* YOLANDA MEJIA, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED.** You are served
1 ☐ as an individual defendant
2 ☐ as the person sued under the fictitious name of *(specify)*
3 ☑ on behalf of *(specify)* Navigators Insurance Company.

under ☐ CCP 416 10 (corporation) ☐ CCP 416 60 (minor)
☐ CCP 416 20 (defunct corporation) ☐ CCP 416 70 (conservatee)
☐ CCP 416 40 (association or partnership) ☐ CCP 416 90 (authorized person)
☐ other *(specify)* BUSINESS ENTITY FORM ...

4 ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412 20 465

1502.103

NEWMEYER & DILLION LLP
REED N ARCHAMBAULT, CBN 151012
BONNIE ROADARMEL, CBN 205275
SARAH E GREENBERG, CBN 237576
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
(949) 854-7000, (949) 854-7099 (Fax)

Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 29 2007

ALAN SLATER, Clerk of the Court

BY: Y MEJIA DEPUTY

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY, CENTRAL JUSTICE CENTER

PHILIP SALBATO dba SALBATO CONSTRUCTION,

Plaintiff,

vs

NAVIGATORS INSURANCE COMPANY, and DOES 1 through 200, inclusive,

Defendants

CASE NO 07CC07481
DEPT DEPT. C8
JUDGE JUDGE COREY S. CRAMIN

**COMPLAINT FOR:**

1. **DECLARATORY RELIEF;**
2. **BREACH OF CONTRACT – DUTY TO DEFEND;**
3. **BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND**
4. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

FILE DATE.
TRIAL DATE·

Philip Salbato, dba Salbato Construction, ("Plaintiff") hereby alleges as follows

**PARTIES**

1 Plaintiff is, and at all times mentioned herein has been, an individual residing in the County of San Diego, State of California, doing business as Salbato Construction

2 Navigators Insurance Company ("NIC"), a business of unknown form, is now, and at all times mentioned herein has been, doing business as an insurer in the State of California, County of Orange

3 Defendants Does 1 through 100 are persons, corporations or other entities doing insurance business in the State of California The true identities of Does 1 through 100 are

NEWMEYER & DILLION LLP

currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each when its identity is discovered Each of Does 1 through 100 made, issued, executed and/or delivered one or more policies of insurance which named Plaintiff as an insured and provide, or potentially provide, coverage for all or a portion of the claims made against Plaintiff by the homeowner in the Underlying Action, as described below

4 Defendants Does 101 through 200 are persons, corporations or other entities that reside in or are authorized to do and doing business in the State of California The true identities of Does 101 through 200 are currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each such Doe Defendant when its identity is discovered Each of Does 101 through 200 was the director, officer, managerial agent, employee, predecessor, related entity successor, joint-venturer, co-conspirator, agent, alter ego and/or representative of one or more of the other Defendants named herein, and/or acted with the permission, authorization and/or ratification and consent of such other Defendants and their officers, directors and/or managerial agents

5 For the purposes of this complaint, and where appropriate, Does 1 to 200 may be referred to collectively as the "Insurer Defendants"

6 Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant was in some way responsible for, participated in, or contributed to the matters of which Plaintiff complains, and has legal responsibility for those matters

**THE UNDERLYING ACTION**

7. Plaintiff was, at certain relevant times, involved in the construction of a custom home located at 1205 Skylark Drive, in the City of San Diego, County of San Diego

8 On or about August 26, 2006, a lawsuit alleging construction defects was filed by the homeowner of 1205 Skylark against Plaintiff, entitled *Metcalfe v Skylark Investment Properties, et al* San Diego Superior Court Case No GIC 871533 (hereinafter, the "Underlying Action")

9 For the purposes of this complaint, and when appropriate, 1205 Skylark may be referred to as the "Project"

NEWMEYER & DILLION LLP

10 The homeowner in the Underlying Action claims that property damage occurred and exists at the Project and that she has sustained property damages arising from defective construction of the residence at the Project As a result of these claims, Plaintiff herein has been compelled to incur loss and adjustment, mitigation, repair, damages, and/or investigative costs, as well as attorneys' fees, expert fees, court costs, and expenses in the Underlying Action and in this action, and may in the future be compelled to incur additional costs, expenses, fees, and damages as a result of these claims

11 Plaintiff is informed and believes, and thereon alleges, that if, and to the extent any, such defects and property damage and/or personal injury damages exist, they occurred, or potentially occurred, prior to or after the completion of the construction of the Project, and that such defects and damages occurred, progressed and/or continued in each year from that time to the present

12 Plaintiff is informed and believes, and thereon alleges, that NIC and each of the Insurer Defendants executed and delivered one or more polices of comprehensive general liability insurance applicable to the Project specifically naming Plaintiff as a named insured under such policies Such policies include, but are not limited to, Policy No GS 305773, effective January 23, 2003 through January 23, 2004, issued by NIC (hereinafter, "NIC Policy") NIC acknowledged Plaintiff was a named insured under the NIC Policy

13 Pursuant to the policies of comprehensive general liability insurance referred to hereinabove, NIC and each of the Insurer Defendants promised to pay all sums which Plaintiff became obligated to pay because of property damage and/or personal injury at the Project caused by an occurrence during the effective coverage period of the policy NIC and each of the Insurer Defendants further agreed to immediately and completely defend Plaintiff as to any suit potentially alleging such property damage and/or personal injury, even if any of the claims were groundless, false or fraudulent NIC's and each of the Insurer Defendants' defense obligations include a duty to defend all claims, covered and non-covered

14 The homeowner plaintiff in the Underlying Action has made allegations and claims indicating, or evidence is available otherwise to NIC and Insurer Defendants, that property

NEWMEYER & DILLION LLP

damage occurred, or potentially occurred, during the policy periods of the insurance policies issued by NIC and each of the Insurer Defendants NIC and each of the Insurer Defendants refused or failed to defend and indemnify Plaintiff As a result of the homeowner's claims, Plaintiff was compelled to settle with the homeowner in the Underlying Action

15 Plaintiff provided timely notice of the claims asserted against him in the Underlying Action to NIC and each of the Insurer Defendants

16 Plaintiff has performed each covenant and/or condition which on his part must be performed in order to obtain coverage under each and all of the polices referenced hereinabove, or has been excused from so performing as a result of NIC's and each of the Insurer Defendants' breach of their respective insurance agreements, including their failure or refusal to defend and/or indemnify Plaintiff

**FIRST CAUSE OF ACTION**

**For Declaratory Relief**

**(Against NIC and All Insurer Defendants)**

17 Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 16 of this complaint

18 There presently exists an actual controversy between Plaintiff and NIC and each of the Insurer Defendants concerning NIC's and each of the Insurer Defendants' respective obligations and duties owed to Plaintiff pursuant to the policies referenced above Plaintiff contends that NIC and each of the Insurer Defendants owed an immediate and independent duty to defend him fully and completely in the Underlying Action Plaintiff contends that NIC and each of the Insurer Defendants owed a duty to indemnify him also in the Underlying Action. NIC and each of the Insurer Defendants dispute these contentions and have failed and refused to defend and indemnify Plaintiff

19 Plaintiff requests a judicial declaration of the respective rights and duties of Plaintiff and NIC and each of the Insurer Defendants under the policies mentioned herein, including a declaration as to the correct interpretation of the policies and the applicability of insurance coverage Plaintiff also requests a declaration that NIC and each of the Insurer

NEWMEYER & DILLION LLP

Defendants is independently obligated to defend Plaintiff immediately and completely to reimburse Plaintiff for all reasonable fees, and costs paid by him, and to pay for all reasonable and necessary, unpaid attorneys' fees, costs, expert fees, investigative costs, and other expenses incurred by Plaintiff that arise out of, or are related to, the facts and circumstances giving rise to the Underlying Action

20 Plaintiff further requests a declaration that NIC and each of the Insurer Defendants are obligated to indemnify Plaintiff and to reimburse Plaintiff for settlement payments made to the homeowner in the Underlying Action

21 Such declarations are necessary and appropriate to determine the rights and duties of the parties under the insurance policies

**SECOND CAUSE OF ACTION**

**For Breach of Contract – Duty to Defend**

**(Against NIC and All Insurer Defendants)**

22 Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 21 of this complaint

23 As set forth above, NIC and each of the Insurer Defendants, among other things, agreed to investigate and adjust claims made against Plaintiff NIC and each of the Insurer Defendants also agreed to defend Plaintiff as to any claim on account of alleged property damage and/or personal injury caused by an occurrence falling, or potentially falling, within the coverage of, or as defined in, each policy Pursuant to each of these insurance policies, NIC and each of the Insurer Defendants also had a duty to conduct an adequate investigation of any claims made against Plaintiff, and to defend Plaintiff against claims made by the homeowner

24 NIC and each of the Insurer Defendants further agreed to defend Plaintiff on account of such alleged property damage and/or personal injury even if any of the claims were groundless, false or fraudulent. NIC's and each of the Insurer Defendants' duty to defend included a duty to provide an immediate, complete and conflict-free defense in accordance with California law

////

NEWMEYER & DILLION LLP

25 Plaintiff has duly performed each and every covenant and/or condition of the respective policies of insurance issued by NIC and each of the Insurer Defendants or has been excused from so performing as a result of NIC's and each of the Insurer Defendant's breach of its respective insurance agreement, including its refusal to defend Plaintiff

26 As a result of the Underlying Action, Plaintiff has been forced to incur loss adjustment, mitigation, repair, investigative costs, attorneys' fees, expert fees, court costs and other expenses, because of alleged property damage and/or personal injury caused by an occurrence falling, or potentially falling, within the coverage of, or as defined in, each of the policies referred to above In breach of these insurance policies, NIC and each of the Insurer Defendants, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to pay and/or reimburse Plaintiff for the costs of defense, repair, loss adjustment, damages, mitigation, investigation and other costs and expenses as a result of the Underlying Action

27 NIC's and each of the Insurer Defendants' breach of their insurance contracts with Plaintiff include, but are not limited to, the failure and refusal of NIC and each of the Insurer Defendants to do one or more of the following

(a) Adequately respond to the tenders of defense and other correspondence from Plaintiff,

(b) Adequately investigate the claims made in the Underlying Action against Plaintiff,

(c) Provide an appropriate defense to Plaintiff of all covered and non-covered claims; and/or

(d) Reimburse Plaintiff for attorneys' fees, expert fees, damages and other costs associated with the investigation and defense of the claims made in the Underlying Action

28 As a direct and proximate result of NIC's and each of the Insurer Defendants' breach of their contractual duties, Plaintiff has incurred substantial attorneys' fees, costs, and expenses in defense, repair, loss adjustment, mitigation, investigation, and other costs and expenses in an amount within the jurisdictional limits of this court, according to proof

NEWMEYER & DILLION LLP

29 Plaintiff is entitled to recover all of its damages as referenced herein, with interest thereon, according to proof

**THIRD CAUSE OF ACTION**

**For Breach of Contract – Duty to Indemnify**

**(Against NIC and All Insurer Defendants)**

30 Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 29 of this complaint

31 Pursuant to the terms of the policies, NIC and each of the Insurer Defendants promised to pay all sums which Plaintiff became obligated to pay as damages because of property damage at the Project caused by an occurrence during the effective coverage period of the policy In short, NIC and each of the Insurer Defendants agreed to indemnify Plaintiff for covered damages and/or losses arising out of the Project

32 Plaintiff has duly performed each and every covenant and/or condition of the respective policies of insurance issued by NIC and each of the Insurer Defendants or has been excused from so performing as a result of NIC's and each of the Insurer Defendant's breach of its respective insurance agreement, including its refusal to indemnify Plaintiff

33 As a result of the homeowner's claims in the Underlying Action, Plaintiff was compelled to settle with the homeowner in the Underlying Action Plaintiff has paid substantial funds to the homeowner to settle claims for damages

34. In breach of the insurance policies, NIC and each of the Insurer Defendants, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to indemnify Plaintiff for all covered claims made by the homeowner in the Underlying Action NIC and each of the Insurer Defendants have refused and continue to refuse to pay and/or reimburse Plaintiff for the settlement costs he expended to resolve the Underlying Action

35 NIC's and each of the Insurer Defendants' breach of their insurance contracts with Plaintiff include, but are not limited to, the failure and refusal of NIC and each of the Insurer Defendants to do one or more of the following:

////

NEWMEYER & DILLION LLP

(a) Adequately respond to Plaintiff's request for indemnification,

(b) Adequately investigate the claims made in the Underlying Action against Plaintiff,

(c) Adequately respond to Plaintiff's request for a coverage position, and/or

(d) Indemnify Plaintiff for all covered claims made by the homeowner in the Underlying Action

36 As a direct and proximate result of NIC's and each of the Insurer Defendants' breach of their contractual duties, Plaintiff has incurred damages in an amount within the jurisdictional limits of this court, according to proof

37 Plaintiff is entitled to recover all of its damages as referenced herein, with interest thereon, according to proof

**FOURTH CAUSE OF ACTION**

**For Breach of the Covenant of Good Faith and Fair Dealing**

**(Against NIC and All Insurer Defendants)**

38 Plaintiff repeats and incorporates by this reference each and all allegations contained in paragraph 1 through 37 of this complaint

39 NIC and each of the Insurer Defendants, at all material times, had the duty to act fairly and in good faith to Plaintiff in carrying out their responsibilities under the respective insurance policies

40 Pursuant to the respective insurance policies, NIC and each of the Insurer Defendants had legal obligations to act fairly and in good faith to Plaintiff, to promptly and reasonably investigate claims against Plaintiff, and to make reasonable coverage decisions

41 Plaintiff is informed and believes, and thereon alleges, that NIC and each of the Insurer Defendants breached their obligation to act fairly and in good faith toward Plaintiff by one or more of the following

(a) Failing to conduct reasonable, prompt and unbiased investigations into claims alleged in the Underlying Action;

////

NEWMEYER & DILLION LLP

(b) Delaying and/or failing to reach a decision as to whether to provide a defense and/or coverage.

(c) Failing to give due consideration of the serious and grave nature of the claims pertaining to the specialty subcontractor trades asserted in the Underlying Action in investigating Plaintiff's claims,

(d) Making coverage decisions without reviewing the applicable insurance policies or documentation contained within its files,

(e) Failing to provide a defense and/or indemnity to Plaintiff as to the Underlying Action without proper cause and without regard to the provisions of the respective insurance policies, relevant case law, and facts alleged by the Underlying Action or otherwise available to NIC and each of the Insurer Defendants through reasonable investigation,

(f) Intentionally setting out to treat Plaintiff differently from other insureds with respect to the degree of investigation undertaken and the coverage position asserted,

(g) Basing its coverage decisions on its desire to reduce or avoid its obligations to Plaintiff,

(h) Refusing to defend or indemnify Plaintiff with the intention of coercing Plaintiff to forego the benefits of the respective policies,

(i) Rendering or delaying its coverage decisions in conscious disregard of the risk of jeopardizing Plaintiff's entire defense,

(j) Failing to acknowledge communications from Plaintiff in violation of Sections 2695 5, 2695 6, and 2695.7 of the California Code of Regulations,

(k) Taking positions directly contrary to controlling California appellate authorities,

(l) Taking positions directly contrary to controlling California Supreme Court authorities,

(m) Taking the above-described actions for the purpose of forcing Plaintiff to forego the benefits to which it is entitled and forcing Plaintiff to expend and incur liability in the investigation, defense and/or settlement of the Underlying Action, and

       (n) Taking the actions referenced in sub-paragraphs (a) through (o) referenced above as part of a systematic and deliberate scheme to withhold policy benefits that would otherwise be due

42 On knowledge, information, and belief, specific factual allegations as to the fraudulent, malicious, and oppressive conduct of NIC toward Plaintiff include, but are not limited to, the following

(a) On or about September 19, 2006, Plaintiff timely tendered the defense and indemnification of the Underlying Action to NIC under the NIC policy issued to Plaintiff Plaintiff received no response to his tender from NIC

(b) On October 18, 2006, Plaintiff again wrote to NIC requesting a defense and indemnity As before, Plaintiff received no response whatsoever to his tender

(c) On November 3, 2006, Plaintiff wrote to NIC a third time demanding that NIC immediately provide a defense to him

(d) Three tender letters later and months after Plaintiffs first tendered the claim, a claims specialist and authorized agent, officer, director or managing agent for NIC ("NIC's Agent") finally acknowledged receipt of Plaintiff's tender on December 4, 2006 In the same letter, however, NIC stated it was denying the claim and that NIC would not provide a defense or indemnity to Plaintiff

(e) By letter dated December 15, 2006, Plaintiff made a good faith effort to secure NIC's participation in Plaintiff's defense by pointing out numerous flaws in NIC's flawed coverage analysis

(f) On or about January 3, 2007, NIC's Agent wrote to Plaintiff indicating that NIC would stand by its prior coverage determination and that NIC would refuse to provide coverage for Plaintiff for the Underlying Action.

(g) On January 12, 2007, March 15, 2007, March 20, 2007 and April 6, 2007, Plaintiff wrote to NIC four times in continuing efforts to secure NIC's participation in Plaintiff's defense Plaintiff also informed NIC of its settlement efforts and requested NIC's attendance at mediations with the homeowner in the Underlying Action Plaintiff repeatedly informed NIC that

its coverage position was unsupported by the facts and California law and asked that NIC re-evaluate its coverage position

(h) Plaintiff received no response from NIC to any of his four letters until May 14, 2007, when NIC's Agent wrote to Plaintiff indicating that the matter was belatedly being referred to coverage counsel

(i) Coverage counsel for NIC wrote to Plaintiff on May 23, 2007 requesting a slew of additional information it stated was necessary for NIC to re-evaluate its coverage position

(j) Within two weeks of coverage counsel's request for numerous items of additional information, the ten requests, including all document requests, were answered and sent to NIC's coverage counsel on June 5, 2007 This additional information presented undisputable evidence that a defense was owed to Plaintiff since a potential for coverage existed under the NIC policy for the Underlying Action

(k) On June 7, 2007, one day after NIC received the additional information, NIC's coverage counsel indicated that NIC would maintain its improper denial of coverage

(l) Plaintiff was thus compelled to settle the homeowner claim for a substantial amount in order to avoid further litigation costs and expenses, and to minimize its liability exposure

(m) At the time NIC denied coverage to Plaintiff, it knew such denial was contrary to the terms of the policy and California law

(n) NIC's Agent intentionally and maliciously denied coverage to Plaintiff with the intent of depriving Plaintiff of the benefits to which Plaintiff is entitled under the policy

43. Plaintiff is also informed and believes that the respective officers, directors, and/or managing agents and/or employees of NIC and each of the Insurer Defendants participated in, authorized and/or ratified the wrongful conduct of NIC and each of the Insurer Defendants as alleged above

44 As a result of NIC's and each of the Insurer Defendants' bad faith conduct, Plaintiff has incurred substantial attorneys' fees, expert fees, costs and expenses in defense,

NEWMEYER & DILLION LLP

repair, loss adjustment, damages, mitigation, investigation and/or other costs and expenses in response to the Underlying Action, as well as paid the homeowner's claims in the Underlying Action Plaintiff has been required to bring this complaint to enforce his rights as an insured under the policies mentioned herein Plaintiff is entitled to recover as damages against NIC and each of the Insurer Defendants all the aforementioned fees, costs, expenses, and damages which he has incurred as a result of the Underlying Actions, together with interest thereon Plaintiff has suffered, and will continue to suffer, damages in the amount within the jurisdiction of this Court, according to proof

45 Plaintiff is further entitled to recover as damages against NIC and each of the Insurer Defendants all fees, expenses and costs incurred in this action to enforce his rights under the respective insurance policies, plus interest thereon, according to proof

46 The above-described conduct of NIC and each of the Insurer Defendants has been and continues to be unreasonable, capricious and arbitrary, and constitutes a breach of the covenant of good faith and fair dealing contained in the policies The above-described conduct further constitutes malicious, oppressive, and despicable conduct and conscious disregard of Plaintiff's rights, and stems from improper and evil motives, including NIC's and each of the Insurer Defendants' desire to reduce or avoid their obligations to Plaintiff, so as to justify an award of punitive and exemplary damages Additionally, Plaintiff is informed and believes, and thereon alleges, that NIC's and each of the Insurer Defendants' acts, as described in the above paragraphs, constitute a systematic, methodical and general scheme to improperly, unfairly and unreasonably deprive Plaintiff of the benefits of insurance coverage to which he is entitled

WHEREFORE, Plaintiff prays for judgment against each and all of the defendants as follows

**PRAYER**

**ON THE FIRST CAUSE OF ACTION**

1 For a declaratory judgment determining the rights and obligations between Plaintiff and NIC and each of the Insurer Defendants under the terms of the insurance policies at issue herein, and that NIC and each of the Insurer Defendants owed an independent duty under

NEWMEYER & DILLION LLP

California law to provide Plaintiff an immediate, full, complete and conflict-free defense of the Underlying Action,

2. For a declaratory judgment that NIC and each of the Insurer Defendants reimburse Plaintiff for all reasonable and necessary defense fees and costs paid or incurred by him in defense of the Underlying Action, and

3 For a declaratory judgment that NIC and each of the Insurer Defendants owed a duty to indemnify Plaintiff for damages and/or losses incurred in the Underlying Action, including a declaration that NIC and each of the Insurer Defendants reimburse Plaintiff for all settlement monies paid by Plaintiff to the homeowner in the Underlying Action

**ON THE SECOND CAUSE OF ACTION**

3 For compensatory damages according to proof

**ON THE THIRD CAUSE OF ACTION**

4 For compensatory damages according to proof

**ON THE FOURTH CAUSE OF ACTION**

5 For compensatory damages according to proof,

6 For attorneys' fees incurred in obtaining the benefits unreasonably withheld under the respective policies, according to proof, and

7 For exemplary damages, according to proof.

**ON ALL CAUSES OF ACTION**

8. For costs of suit herein;

9. For interest on this sum at the prevailing legal rate from the date first incurred until paid; and

10. For all such other relief as the Court may deem just and proper.

DATED June 28, 2007

NEWMEYER & DILLION LLP

By [signature]
Bonnie Roadarmel
Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP
REED N. ARCHAMBAULT, CBN 151012
BONNIE ROADARMEL, CBN 205275
SARAH E. GREENBERG, CBN 237576
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY, CENTRAL JUSTICE CENTER

PHILIP SALBATO dba SALBATO CONSTRUCTION,

Plaintiff,

vs.

NIC INSURANCE COMPANY, erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive,

Defendants.

CASE NO.: 07CC07481
JUDGE: Corey S. Cramin
DEPT: C8

**FIRST AMENDED COMPLAINT FOR:**

1. **DECLARATORY RELIEF;**
2. **BREACH OF CONTRACT – DUTY TO DEFEND;**
3. **BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND**
4. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

FILE DATE: June 29, 2007
TRIAL DATE:

Philip Salbato, dba Salbato Construction, ("Plaintiff") hereby alleges as follows:

**PARTIES**

1. Plaintiff is, and at all times mentioned herein has been, an individual residing in the County of San Diego, State of California, doing business as Salbato Construction.

2. NIC Insurance Company ("NIC"), erroneously sued as Navigators Insurance Company, a business of unknown form, is now, and at all times mentioned herein has been, doing business as an insurer in the State of California, County of Orange.

3. Defendants Does 1 through 100 are persons, corporations or other entities doing insurance business in the State of California. The true identities of Does 1 through 100 are

currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each when its identity is discovered. Each of Does 1 through 100 made, issued, executed and/or delivered one or more policies of insurance which named Plaintiff as an insured and provide, or potentially provide, coverage for all or a portion of the claims made against Plaintiff by the homeowner in the Underlying Action, as described below.

4. Defendants Does 101 through 200 are persons, corporations or other entities that reside in or are authorized to do and doing business in the State of California. The true identities of Does 101 through 200 are currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each such Doe Defendant when its identity is discovered. Each of Does 101 through 200 was the director, officer, managerial agent, employee, predecessor, related entity successor, joint-venturer, co-conspirator, agent, alter ego and/or representative of one or more of the other Defendants named herein, and/or acted with the permission, authorization and/or ratification and consent of such other Defendants and their officers, directors and/or managerial agents.

5. For the purposes of this complaint, and where appropriate, Does 1 to 200 may be referred to collectively as the "Insurer Defendants."

6. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant was in some way responsible for, participated in, or contributed to the matters of which Plaintiff complains, and has legal responsibility for those matters.

**THE UNDERLYING ACTION**

7. Plaintiff was, at certain relevant times, involved in the construction of a custom home located at 1205 Skylark Drive, in the City of San Diego, County of San Diego.

8. On or about August 26, 2006, a lawsuit alleging construction defects was filed by the homeowner of 1205 Skylark against Plaintiff, entitled *Metcalfe v. Skylark Investment Properties, et al.* San Diego Superior Court Case No. GIC 871533 (hereinafter, the "Underlying Action").

9. For the purposes of this complaint, and when appropriate, 1205 Skylark may be referred to as the "Project."

NEWMEYER & DILLION LLP

10. The homeowner in the Underlying Action claims that property damage occurred and exists at the Project and that she has sustained property damages arising from defective construction of the residence at the Project. As a result of these claims, Plaintiff herein has been compelled to incur loss and adjustment, mitigation, repair, damages, and/or investigative costs, as well as attorneys' fees, expert fees, court costs, and expenses in the Underlying Action and in this action, and may in the future be compelled to incur additional costs, expenses, fees, and damages as a result of these claims.

11. Plaintiff is informed and believes, and thereon alleges, that if, and to the extent any, such defects and property damage and/or personal injury damages exist, they occurred, or potentially occurred, prior to or after the completion of the construction of the Project, and that such defects and damages occurred, progressed and/or continued in each year from that time to the present.

12. Plaintiff is informed and believes, and thereon alleges, that NIC and each of the Insurer Defendants executed and delivered one or more polices of comprehensive general liability insurance applicable to the Project specifically naming Plaintiff as a named insured under such policies. Such policies include, but are not limited to, Policy No. GS 305773, effective January 23, 2003 through January 23, 2004, issued by NIC (hereinafter, "NIC Policy"). NIC acknowledged Plaintiff was a named insured under the NIC Policy.

13. Pursuant to the policies of comprehensive general liability insurance referred to hereinabove, NIC and each of the Insurer Defendants promised to pay all sums which Plaintiff became obligated to pay because of property damage and/or personal injury at the Project caused by an occurrence during the effective coverage period of the policy. NIC and each of the Insurer Defendants further agreed to immediately and completely defend Plaintiff as to any suit potentially alleging such property damage and/or personal injury, even if any of the claims were groundless, false or fraudulent. NIC's and each of the Insurer Defendants' defense obligations include a duty to defend all claims, covered and non-covered.

14. The homeowner plaintiff in the Underlying Action has made allegations and claims indicating, or evidence is available otherwise to NIC and Insurer Defendants, that property

NEWMEYER & DILLION LLP

damage occurred, or potentially occurred, during the policy periods of the insurance policies issued by NIC and each of the Insurer Defendants. NIC and each of the Insurer Defendants refused or failed to defend and indemnify Plaintiff. As a result of the homeowner's claims, Plaintiff was compelled to settle with the homeowner in the Underlying Action.

15. Plaintiff provided timely notice of the claims asserted against him in the Underlying Action to NIC and each of the Insurer Defendants.

16. Plaintiff has performed each covenant and/or condition which on his part must be performed in order to obtain coverage under each and all of the polices referenced hereinabove, or has been excused from so performing as a result of NIC's and each of the Insurer Defendants' breach of their respective insurance agreements, including their failure or refusal to defend and/or indemnify Plaintiff.

**FIRST CAUSE OF ACTION**

**For Declaratory Relief**

**(Against NIC and All Insurer Defendants)**

17. Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 16 of this complaint.

18. There presently exists an actual controversy between Plaintiff and NIC and each of the Insurer Defendants concerning NIC's and each of the Insurer Defendants' respective obligations and duties owed to Plaintiff pursuant to the policies referenced above. Plaintiff contends that NIC and each of the Insurer Defendants owed an immediate and independent duty to defend him fully and completely in the Underlying Action. Plaintiff contends that NIC and each of the Insurer Defendants owed a duty to indemnify him also in the Underlying Action. NIC and each of the Insurer Defendants dispute these contentions and have failed and refused to defend and indemnify Plaintiff.

19. Plaintiff requests a judicial declaration of the respective rights and duties of Plaintiff and NIC and each of the Insurer Defendants under the policies mentioned herein, including a declaration as to the correct interpretation of the policies and the applicability of insurance coverage. Plaintiff also requests a declaration that NIC and each of the Insurer

NEWMEYER & DILLION LLP

Defendants is independently obligated to defend Plaintiff immediately and completely, to reimburse Plaintiff for all reasonable fees, and costs paid by him, and to pay for all reasonable and necessary, unpaid attorneys' fees, costs, expert fees, investigative costs, and other expenses incurred by Plaintiff that arise out of, or are related to, the facts and circumstances giving rise to the Underlying Action.

20. Plaintiff further requests a declaration that NIC and each of the Insurer Defendants are obligated to indemnify Plaintiff and to reimburse Plaintiff for settlement payments made to the homeowner in the Underlying Action.

21. Such declarations are necessary and appropriate to determine the rights and duties of the parties under the insurance policies.

**SECOND CAUSE OF ACTION**

**For Breach of Contract – Duty to Defend**

**(Against NIC and All Insurer Defendants)**

22. Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 21 of this complaint.

23. As set forth above, NIC and each of the Insurer Defendants, among other things, agreed to investigate and adjust claims made against Plaintiff. NIC and each of the Insurer Defendants also agreed to defend Plaintiff as to any claim on account of alleged property damage and/or personal injury caused by an occurrence falling, or potentially falling, within the coverage of, or as defined in, each policy. Pursuant to each of these insurance policies, NIC and each of the Insurer Defendants also had a duty to conduct an adequate investigation of any claims made against Plaintiff, and to defend Plaintiff against claims made by the homeowner.

24. NIC and each of the Insurer Defendants further agreed to defend Plaintiff on account of such alleged property damage and/or personal injury even if any of the claims were groundless, false or fraudulent. NIC's and each of the Insurer Defendants' duty to defend included a duty to provide an immediate, complete and conflict-free defense in accordance with California law.

////

25. Plaintiff has duly performed each and every covenant and/or condition of the respective policies of insurance issued by NIC and each of the Insurer Defendants or has been excused from so performing as a result of NIC's and each of the Insurer Defendant's breach of its respective insurance agreement, including its refusal to defend Plaintiff.

26. As a result of the Underlying Action, Plaintiff has been forced to incur loss adjustment, mitigation, repair, investigative costs, attorneys' fees, expert fees, court costs and other expenses, because of alleged property damage and/or personal injury caused by an occurrence falling, or potentially falling, within the coverage of, or as defined in, each of the policies referred to above. In breach of these insurance policies, NIC and each of the Insurer Defendants, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to pay and/or reimburse Plaintiff for the costs of defense, repair, loss adjustment, damages, mitigation, investigation and other costs and expenses as a result of the Underlying Action.

27. NIC's and each of the Insurer Defendants' breach of their insurance contracts with Plaintiff include, but are not limited to, the failure and refusal of NIC and each of the Insurer Defendants to do one or more of the following:

(a) Adequately respond to the tenders of defense and other correspondence from Plaintiff;

(b) Adequately investigate the claims made in the Underlying Action against Plaintiff;

(c) Provide an appropriate defense to Plaintiff of all covered and non-covered claims; and/or

(d) Reimburse Plaintiff for attorneys' fees, expert fees, damages and other costs associated with the investigation and defense of the claims made in the Underlying Action.

28. As a direct and proximate result of NIC's and each of the Insurer Defendants' breach of their contractual duties, Plaintiff has incurred substantial attorneys' fees, costs, and expenses in defense, repair, loss adjustment, mitigation, investigation, and other costs and expenses in an amount within the jurisdictional limits of this court, according to proof.

NEWMEYER & DILLION LLP

29. Plaintiff is entitled to recover all of its damages as referenced herein, with interest thereon, according to proof.

**THIRD CAUSE OF ACTION**

**For Breach of Contract – Duty to Indemnify**

**(Against NIC and All Insurer Defendants)**

30. Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 29 of this complaint.

31. Pursuant to the terms of the policies, NIC and each of the Insurer Defendants promised to pay all sums which Plaintiff became obligated to pay as damages because of property damage at the Project caused by an occurrence during the effective coverage period of the policy. In short, NIC and each of the Insurer Defendants agreed to indemnify Plaintiff for covered damages and/or losses arising out of the Project.

32. Plaintiff has duly performed each and every covenant and/or condition of the respective policies of insurance issued by NIC and each of the Insurer Defendants or has been excused from so performing as a result of NIC's and each of the Insurer Defendant's breach of its respective insurance agreement, including its refusal to indemnify Plaintiff.

33. As a result of the homeowner's claims in the Underlying Action, Plaintiff was compelled to settle with the homeowner in the Underlying Action. Plaintiff has paid substantial funds to the homeowner to settle claims for damages.

34. In breach of the insurance policies, NIC and each of the Insurer Defendants, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to indemnify Plaintiff for all covered claims made by the homeowner in the Underlying Action. NIC and each of the Insurer Defendants have refused and continue to refuse to pay and/or reimburse Plaintiff for the settlement costs he expended to resolve the Underlying Action.

35. NIC's and each of the Insurer Defendants' breach of their insurance contracts with Plaintiff include, but are not limited to, the failure and refusal of NIC and each of the Insurer Defendants to do one or more of the following:

////

(a) Adequately respond to Plaintiff's request for indemnification;

(b) Adequately investigate the claims made in the Underlying Action against Plaintiff;

(c) Adequately respond to Plaintiff's request for a coverage position; and/or

(d) Indemnify Plaintiff for all covered claims made by the homeowner in the Underlying Action.

36. As a direct and proximate result of NIC's and each of the Insurer Defendants' breach of their contractual duties, Plaintiff has incurred damages in an amount within the jurisdictional limits of this court, according to proof.

37. Plaintiff is entitled to recover all of its damages as referenced herein, with interest thereon, according to proof.

**FOURTH CAUSE OF ACTION**

**For Breach of the Covenant of Good Faith and Fair Dealing**

**(Against NIC and All Insurer Defendants)**

38. Plaintiff repeats and incorporates by this reference each and all allegations contained in paragraph 1 through 37 of this complaint.

39. NIC and each of the Insurer Defendants, at all material times, had the duty to act fairly and in good faith to Plaintiff in carrying out their responsibilities under the respective insurance policies.

40. Pursuant to the respective insurance policies, NIC and each of the Insurer Defendants had legal obligations to act fairly and in good faith to Plaintiff, to promptly and reasonably investigate claims against Plaintiff, and to make reasonable coverage decisions.

41. Plaintiff is informed and believes, and thereon alleges, that NIC and each of the Insurer Defendants breached their obligation to act fairly and in good faith toward Plaintiff by one or more of the following:

(a) Failing to conduct reasonable, prompt and unbiased investigations into claims alleged in the Underlying Action;

////

NEWMEYER & DILLION LLP

(b) Delaying and/or failing to reach a decision as to whether to provide a defense and/or coverage;

(c) Failing to give due consideration of the serious and grave nature of the claims pertaining to the specialty subcontractor trades asserted in the Underlying Action in investigating Plaintiff's claims;

(d) Making coverage decisions without reviewing the applicable insurance policies or documentation contained within its files;

(e) Failing to provide a defense and/or indemnity to Plaintiff as to the Underlying Action without proper cause and without regard to the provisions of the respective insurance policies, relevant case law, and facts alleged by the Underlying Action or otherwise available to NIC and each of the Insurer Defendants through reasonable investigation;

(f) Intentionally setting out to treat Plaintiff differently from other insureds with respect to the degree of investigation undertaken and the coverage position asserted;

(g) Basing its coverage decisions on its desire to reduce or avoid its obligations to Plaintiff;

(h) Refusing to defend or indemnify Plaintiff with the intention of coercing Plaintiff to forego the benefits of the respective policies;

(i) Rendering or delaying its coverage decisions in conscious disregard of the risk of jeopardizing Plaintiff's entire defense;

(j) Failing to acknowledge communications from Plaintiff in violation of Sections 2695.5, 2695.6, and 2695.7 of the California Code of Regulations;

(k) Taking positions directly contrary to controlling California appellate authorities;

(l) Taking positions directly contrary to controlling California Supreme Court authorities;

(m) Taking the above-described actions for the purpose of forcing Plaintiff to forego the benefits to which it is entitled and forcing Plaintiff to expend and incur liability in the investigation, defense and/or settlement of the Underlying Action; and

(n) Taking the actions referenced in sub-paragraphs (a) through (o) referenced above as part of a systematic and deliberate scheme to withhold policy benefits that would otherwise be due.

42. On knowledge, information, and belief, specific factual allegations as to the fraudulent, malicious, and oppressive conduct of NIC toward Plaintiff include, but are not limited to, the following:

(a) On or about September 19, 2006, Plaintiff timely tendered the defense and indemnification of the Underlying Action to NIC under the NIC policy issued to Plaintiff. Plaintiff received no response to his tender from NIC.

(b) On October 18, 2006, Plaintiff again wrote to NIC requesting a defense and indemnity. As before, Plaintiff received no response whatsoever to his tender.

(c) On November 3, 2006, Plaintiff wrote to NIC a third time demanding that NIC immediately provide a defense to him.

(d) Three tender letters later and months after Plaintiffs first tendered the claim, a claims specialist and authorized agent, officer, director or managing agent for NIC ("NIC's Agent") finally acknowledged receipt of Plaintiff's tender on December 4, 2006. In the same letter, however, NIC stated it was denying the claim and that NIC would not provide a defense or indemnity to Plaintiff.

(e) By letter dated December 15, 2006, Plaintiff made a good faith effort to secure NIC's participation in Plaintiff's defense by pointing out numerous flaws in NIC's flawed coverage analysis.

(f) On or about January 3, 2007, NIC's Agent wrote to Plaintiff indicating that NIC would stand by its prior coverage determination and that NIC would refuse to provide coverage for Plaintiff for the Underlying Action.

(g) On January 12, 2007, March 15, 2007, March 20, 2007 and April 6, 2007, Plaintiff wrote to NIC four times in continuing efforts to secure NIC's participation in Plaintiff's defense. Plaintiff also informed NIC of its settlement efforts and requested NIC's attendance at mediations with the homeowner in the Underlying Action. Plaintiff repeatedly informed NIC that

NEWMEYER & DILLION LLP

its coverage position was unsupported by the facts and California law and asked that NIC re-evaluate its coverage position.

(h) Plaintiff received no response from NIC to any of his four letters until May 14, 2007, when NIC's Agent wrote to Plaintiff indicating that the matter was belatedly being referred to coverage counsel.

(i) Coverage counsel for NIC wrote to Plaintiff on May 23, 2007 requesting a slew of additional information it stated was necessary for NIC to re-evaluate its coverage position.

(j) Within two weeks of coverage counsel's request for numerous items of additional information, the ten requests, including all document requests, were answered and sent to NIC's coverage counsel on June 5, 2007. This additional information presented undisputable evidence that a defense was owed to Plaintiff since a potential for coverage existed under the NIC policy for the Underlying Action.

(k) On June 7, 2007, one day after NIC received the additional information, NIC's coverage counsel indicated that NIC would maintain its improper denial of coverage.

(l) Plaintiff was thus compelled to settle the homeowner claim for a substantial amount in order to avoid further litigation costs and expenses, and to minimize its liability exposure.

(m) At the time NIC denied coverage to Plaintiff, it knew such denial was contrary to the terms of the policy and California law.

(n) NIC's Agent intentionally and maliciously denied coverage to Plaintiff with the intent of depriving Plaintiff of the benefits to which Plaintiff is entitled under the policy.

43. Plaintiff is also informed and believes that the respective officers, directors, and/or managing agents and/or employees of NIC and each of the Insurer Defendants participated in, authorized and/or ratified the wrongful conduct of NIC and each of the Insurer Defendants as alleged above.

44. As a result of NIC's and each of the Insurer Defendants' bad faith conduct, Plaintiff has incurred substantial attorneys' fees, expert fees, costs and expenses in defense,

NEWMEYER & DILLION LLP

repair, loss adjustment, damages, mitigation, investigation and/or other costs and expenses in response to the Underlying Action, as well as paid the homeowner's claims in the Underlying Action. Plaintiff has been required to bring this complaint to enforce his rights as an insured under the policies mentioned herein. Plaintiff is entitled to recover as damages against NIC and each of the Insurer Defendants all the aforementioned fees, costs, expenses, and damages which he has incurred as a result of the Underlying Actions, together with interest thereon. Plaintiff has suffered, and will continue to suffer, damages in the amount within the jurisdiction of this Court, according to proof.

45. Plaintiff is further entitled to recover as damages against NIC and each of the Insurer Defendants all fees, expenses and costs incurred in this action to enforce his rights under the respective insurance policies, plus interest thereon, according to proof.

46. The above-described conduct of NIC and each of the Insurer Defendants has been and continues to be unreasonable, capricious and arbitrary, and constitutes a breach of the covenant of good faith and fair dealing contained in the policies. The above-described conduct further constitutes malicious, oppressive, and despicable conduct and conscious disregard of Plaintiff's rights, and stems from improper and evil motives, including NIC's and each of the Insurer Defendants' desire to reduce or avoid their obligations to Plaintiff, so as to justify an award of punitive and exemplary damages. Additionally, Plaintiff is informed and believes, and thereon alleges, that NIC's and each of the Insurer Defendants' acts, as described in the above paragraphs, constitute a systematic, methodical and general scheme to improperly, unfairly and unreasonably deprive Plaintiff of the benefits of insurance coverage to which he is entitled.

WHEREFORE, Plaintiff prays for judgment against each and all of the defendants as follows:

**PRAYER**

**ON THE FIRST CAUSE OF ACTION**

1. For a declaratory judgment determining the rights and obligations between Plaintiff and NIC and each of the Insurer Defendants under the terms of the insurance policies at issue herein, and that NIC and each of the Insurer Defendants owed an independent duty under

California law to provide Plaintiff an immediate, full, complete and conflict-free defense of the Underlying Action;

2. For a declaratory judgment that NIC and each of the Insurer Defendants reimburse Plaintiff for all reasonable and necessary defense fees and costs paid or incurred by him in defense of the Underlying Action; and

3. For a declaratory judgment that NIC and each of the Insurer Defendants owed a duty to indemnify Plaintiff for damages and/or losses incurred in the Underlying Action, including a declaration that NIC and each of the Insurer Defendants reimburse Plaintiff for all settlement monies paid by Plaintiff to the homeowner in the Underlying Action.

**ON THE SECOND CAUSE OF ACTION**

3. For compensatory damages according to proof.

**ON THE THIRD CAUSE OF ACTION**

4. For compensatory damages according to proof.

**ON THE FOURTH CAUSE OF ACTION**

5. For compensatory damages according to proof;

6. For attorneys' fees incurred in obtaining the benefits unreasonably withheld under the respective policies, according to proof; and

7. For exemplary damages, according to proof.

**ON ALL CAUSES OF ACTION**

8. For costs of suit herein;

9. For interest on this sum at the prevailing legal rate from the date first incurred until paid; and

10. For all such other relief as the Court may deem just and proper.

DATED: July 25, 2007

NEWMEYER & DILLION LLP

By: [signature]
Sarah E. Greenberg
Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP
REED N. ARCHAMBAULT, CBN 151012
BONNIE ROADARMEL, CBN 205275
SARAH E. GREENBERG, CBN 237576
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiff
Philip Salbato dba Salbato Construction

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY, CENTRAL JUSTICE CENTER

| | |
|---|---|
| PHILIP SALBATO dba SALBATO CONSTRUCTION,<br>Plaintiff,<br>vs.<br>NIC INSURANCE COMPANY, erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive<br>Defendants. | CASE NO.: 07CC07481<br>DEPT: C8<br>JUDGE: Corey S. Cramin<br>**PROOF OF SERVICE**<br>FILE DATE: June 29, 2007<br>TRIAL DATE SET: No Date Set |

I, Lynn Ortiz, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 895 Dove Street, Fifth Floor, Newport Beach, CA 92660. On July 25, 2007, I served the within documents:

**FIRST AMENDED COMPLAINT FOR: 1. DECLARATORY RELIEF; 2. BREACH OF CONTRACT – DUTY TO DEFEND; 3. BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND 4. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below:

Susan F. Halman, Esq.
Selvin Wraith Halman LLP
505 14th Street, Suite 1200
Oakland, CA 94812

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 25, 2007, at Newport Beach, California.

Lynn Ortiz

NEWMEYER & DILLION LLP

EXHIBIT C

Susan F. Halman, State Bar No. 111511
Joshua S. Leach, State Bar No. 209061
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone: (510) 874-1811
Facsimile: (510) 465-8976
E-mail: shalman@selvinwraith.com
E-mail: jleach@selvinwraith.com

Attorneys for Defendant
NIC Insurance Company

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
AUG 27 2007
ALAN SLATER, Clerk of the Court
BY T.V. TALLABAS DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

PHILIP SALBATO dba SALBATO CONSTRUCTION,

Plaintiff,

v.

NIC INSURANCE COMPANY, erroneously sued as NAVIGATORS INSURANCE COMPANY, and DOES 1 through 200, inclusive,

Defendants.

CASE NO.: 07CC07481
JUDGE: Corey S. Cramin
DEPT.: C8

**NIC INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Complaint Filed: June 29, 2007
FAC Filed: July 25, 2007

Defendant NIC Insurance Company, a New York corporation ("NIC") (erroneously sued as Navigators Insurance Company), hereby answers Plaintiff Philip Salbato dba Salbato Construction's First Amended Complaint for Declaratory Relief, Breach of Contract – Duty to Defend, Breach of Contract – Duty to Indemnify, and Breach of the Implied Covenant of Good Faith and Fair Dealing as follows:

**GENERAL DENIAL**

Defendant NIC denies generally and specifically, each and every, all and singular, the allegations of Plaintiff Salbato's First Amended Complaint herein, and each purported cause of action thereof, and further denies that Plaintiff is entitled to any relief herein against NIC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant NIC asserts that Plaintiff Salbato's First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant NIC.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense to the Plaintiff Salbato's First Amended Complaint, Defendant NIC asserts it had no obligation to defend or indemnify Plaintiff with respect to the underlying action entitled Metcalfe v. Skylark Investment Properties, San Diego County Superior Court, Case No. GIC 871533 ("the Metcalfe Action") because the claimants in the Metcalfe Action did not seek damages arising out of potentially covered "bodily injury" or "property damage" caused by an "occurrence" taking place during the policy period, and the claimants in the Metcalfe Action did not allege a potentially covered "personal injury" or "advertising injury," as all of those quoted terms are defined by the NIC Policy no. GS305773.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense to Plaintiff's First Amended Complaint, Defendant NIC asserts that Plaintiff Salbato is not entitled to coverage under NIC Policy no. GS305773 because Plaintiff Salbato's work at the property located at 1205 Skylark Drive was still ongoing, and was not "completed operations" at the time NIC Policy no. GS305773 expired at 12:01 a.m. Standard Time on January 23, 2004, and therefore all of the "property damage" sought in the Metcalfe Action was excluded by the terms, exclusions, conditions of and/or endorsements to NIC Policy no. GS305773.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense to Plaintiff Salbato's First Amended Complaint, Defendant NIC asserts it had no obligation to defend or to indemnify Philip Salbato dba Salbato Construction in the Metcalfe Action because of Salbato's material breach of his representations and warranties embodied in the NIC policy endorsement entitled "Independent Contractors" (Form ANF 130 (06/98) issued with NIC Policy no. GS305773.

///

///

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense to Plaintiff Salbato's First Amended Complaint, Defendant NIC asserts it had no obligation to defend or to indemnify Philip Salbato dba Salbato Construction in the Metcalfe Action because the claims asserted and damages sought therein are excluded from coverage by terms, conditions and/or exclusions of the NIC Policy no. GS305773, including all endorsements or amendments thereto.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, to the extent Plaintiff Salbato has failed to mitigate, minimize or void any damage allegedly sustained, a recovery against Defendant NIC, if any, must be reduced by the amount of such failure.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, Defendant NIC has at all times exercised due care concerning any actions, conduct or other matters alleged in Plaintiff Salbato's First Amended Complaint, or any purported claim asserted therein.

**EIGHTH AFFIRMATIVE DEFENSE**

As a eighth affirmative defense, Defendant NIC alleges that its coverage interpretations and claims handling were and are reasonable as a matter of law, and are not inherently unreasonable as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**

As an ninth affirmative defense, the rights and claims of Plaintiff against Defendant NIC, if any, are barred in whole or in part by the equitable doctrine of unclean hands, laches, waiver and/or estoppel.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, Plaintiff Salbato was and is not entitled to indemnity under the NIC Policy no. GS305773 to the extent that the Metcalfe Action sought an award of punitive or exemplary damages, for which coverage is precluded by the terms of the NIC Policy no. GS305773 and/or under California law.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

As a eleventh affirmative defense, Plaintiff Salbato's claims for relief are barred or limited to the extent Plaintiff has failed to perform its obligations under the insurance contract and/or has acted in breach of the conditions of NIC Policy no. GS305773.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth affirmative defense, Defendant NIC's liability, if any, may be limited to the extent that there is "other insurance" providing coverage for the claims asserted and damages sought in the Metcalfe Action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth affirmative defense, Defendant NIC asserts that Plaintiff Salbato's declaratory relief action is moot, as there is no actual controversy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth affirmative defense, Defendant NIC reserves the right to raise additional affirmative defenses as relevant facts and circumstances are identified in discovery.

WHEREFORE, Defendant NIC Insurance Company prays for judgment as follows:

1. For a judicial declaration that Plaintiff Philip Salbato dba Salbato Construction take nothing by reason of his First Amended Complaint herein;

2. For a judicial declaration that NIC Policy no. GS305773 provides no coverage for sums incurred for the defense of Philip Salbato dba Salbato Construction with respect to the Metcalfe Action;

3. For a judicial declaration that NIC Policy no. GS305773 provides no coverage for indemnity of any sums paid in settlement by or on behalf of Philip Salbato dba Salbato Construction with respect to the Metcalfe Action;

4. For judgment against Plaintiff Philip Salbato dba Salbato Construction and in favor of Defendant NIC Insurance Company on Plaintiff's Fourth Cause of Action alleging Breach of the Covenant of Good Faith and Fair Dealing;

///

///

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

Dated: August 28, 2007

SELVIN WRAITH HALMAN LLP

By: [signature]
Susan F. Halman
Joshua S. Leach
Attorneys for Defendant
NIC INSURANCE COMPANY

43522.doc

5

NIC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT CASE NO. 07CC07401

| Re: | Philip Salbato dba Salbato Construction v. NIC Insurance Company, et al. |
|---|---|
| Court: | Orange County Superior Court |
| Action No. | 07CC07481 |

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On August 28, 2007, I served the following document(s):

**NIC INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**By U.S. MAIL:** By placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Ms. Bonnie T. Roadarmel
Newmeyer & Dillion, LLP
895 Dove Street, 5th Floor
Newport Beach, CA 92660
Telephone No.: (949) 854-7000
Fax No.: (949) 854-7099
Email: bonnie.roadarmel@ndlf.com

Attorneys for Plaintiff:
PHILIP SALBATO dba SALBATO CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 28, 2007

M Shelby

Marisa D. Shelby

DISC-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Susan F. Halman (SBN 111511)
Joshua S. Leach (SBN 209061)
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
TELEPHONE NO.: (510) 874-1811
FAX NO. (Optional): (510) 465-8976
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendant, NIC INSURANCE COMPANY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Orange County Superior Court
Central Justice Center

SHORT TITLE OF CASE: PHILIP SALBATO dba SALBATO CONSTRUCTION v. NIC INSURANCE COMPANY

**FORM INTERROGATORIES—GENERAL**

**Asking Party:** Defendant, NIC INSURANCE COMPANY

**Answering Party:** Plaintiff, PHILIP SALBATO dba SALBATO CONSTRUCTION

**Set No.:** ONE

CASE NUMBER: 07CC07481

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_______________ (DATE) _______________ (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐ (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

[X] (2) **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):* SEE ATTACHED.

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation — General
13.0 Investigation — Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
Family Law *[See separate form 1292.10]*

**1.0 Identity of Persons Answering These Interrogatories**

[X] 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

[X] 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

[X] 2.2 State the date and place of your birth.

[X] 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[X] 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

[X] 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

[X] 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

[X] 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

[X] 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

[X] 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

[X] 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**; and
(b) a description of your duties.

[ ] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

[ ] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information — Business Entity**

[X] 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[X] 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

[X] 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[X] 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

[X] 3.5 Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

[X] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

[X] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

[X] 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

[X] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[ ] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

[ ] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

☐ 6.3 Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

☐ 6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

☐ 6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

☐ 6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

☐ 6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

☐ 7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;
(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

☐ 7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

☐ 7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

☐ 8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

☐ 8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

☐ 8.3 State the last date before the **INCIDENT** that you worked for compensation.

☐ 8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

☐ 8.5 State the date you returned to work at each place of employment following the **INCIDENT**.

☐ 8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

☐ 8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☐ 8.8 Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**9.0 Other Damages**

[X] 9.1 Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

[X] 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**10.0 Medical History**

[ ] 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[ ] 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the **INCIDENT**.)*

[ ] 10.3 At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

[ ] 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;
(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS**, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

[ ] 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

[ ] 12.1 State the name, **ADDRESS**, and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b) who made any statement at the scene of the **INCIDENT**;
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[ ] 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a) the name, **ADDRESS**, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

[ ] 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:
(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

☐ 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☐ 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☐ 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:
(a) the name, title, identification number, and employer of the **PERSON** who made the report;
(b) the date and type of report made;
(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

☐ 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:
(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

**13.0 Investigation—Surveillance**

☐ 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:
(a) the name, **ADDRESS**, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☐ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:
(a) the title;
(b) the date;
(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

☐ 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☐ 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

☐ 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:
(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0 Defendant's Contentions—Personal Injury**

☐ 16.1 Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:
(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:
(a) state all facts upon which you base your contention;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

☐ 16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**?  If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**?  If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable?  If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**?  If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**?  If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable?  If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case?  If so, for each plaintiff state:
(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

☐ 16.10 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)?  If so, for each plaintiff state:
(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0  Responses to Request for Admissions**

☐ 17.1  Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0  How the Incident Occurred—Motor Vehicle**

☐ 20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2  For each vehicle involved in the **INCIDENT**, state:
(a) the year, make, model, and license number;
(b) the name, **ADDRESS**, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;
(d) the name, **ADDRESS**, and telephone number of each registered owner;
(e) the name, **ADDRESS**, and telephone number of each lessee;
(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and
(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and
(c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

[X] 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

[X] 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

[X] 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

[X] 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

[X] 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

[X] 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

**PHILIP SALBATO dba SALBATO CONSTRUCTION v. NIC INSURANCE COMPANY**
**Attachment - Sec. 4(a)(2)**

(2)  **INCIDENT** means:  The circumstances and events alleged in Plaintiff Salbato's First Amended Complaint, herein, as giving rise to NIC's alleged breach of contract and breach of the covenant of good faith and fair dealing.

| Re: | Philip Salbato dba Salbato Construction v. NIC Insurance Company, et al. |
|---|---|
| Court: | Orange County Superior Court |
| Action No. | 07CC07481 |

## PROOF OF SERVICE

I declare that I am over the age of 18, am not a party to the above-entitled action, and am an employee of Selvin Wraith Halman LLP whose business address is 505 14th Street, Suite 1200, Oakland, Alameda County, California 94612.

On August 28, 2007, I served the following document(s):

**FORM INTERROGATORIES, SET ONE**

**By U.S. MAIL:** By placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Ms. Bonnie T. Roadarmel
Newmeyer & Dillion, LLP
895 Dove Street, 5th Floor
Newport Beach, CA 92660
Telephone No.: (949) 854-7000
Fax No.: (949) 854-7099
Email: bonnie.roadarmel@ndlf.com

Attorneys for Plaintiff:
PHILIP SALBATO dba SALBATO CONSTRUCTION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 28, 2007

Marisa D. Shelby

EXHIBIT E

NEWMEYER & DILLION LLP
REED N. ARCHAMBAULT, CBN 151012
BONNIE ROADARMEL, CBN 205275
SARAH E. GREENBERG, CBN 237576
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY, CENTRAL JUSTICE CENTER

PHILIP SALBATO dba SALBATO CONSTRUCTION,

Plaintiff,

vs.

NIC INSURANCE COMPANY, erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive,

Defendants.

CASE NO.: 07CC07481
JUDGE: Corey S. Cramin
DEPT: C8

**RESPONSES TO NIC'S FORM INTERROGATORIES – SET ONE**

FILE DATE: June 29, 2007
TRIAL DATE:

PROPOUNDING PARTY: DEFENDANT NIC INSURANCE COMPANY

RESPONDING PARTY: PLAINTIFF PHILIP J. SALBATO

SET NO.: ONE

Pursuant to Code of Civil Procedure section 2031, Plaintiff Philip J. Salbato dba Salbato Construction ("Responding Party") hereby provides its response to Defendant NIC Insurance Co.'s ("Propounding Party") Form Interrogatories as follows:

**RESERVATION OF RIGHTS**

These responses are based upon Responding Party's efforts to collect that information within its possession, custody or control, but reflect only the current state of Responding Party's understanding and belief respecting the matters about which inquiry is made. Responding Party

NEWMEYER & DILLION LLP

has not completed its investigation of the facts relating to this case, has not completed its discovery in this case, and has not completed its preparation for trial. It is anticipated that further discovery, independent investigation and legal research and analysis will supply additional facts, add meaning to known facts and establish entirely new factual conclusions and contentions in addition to those set forth herein. Accordingly, Responding Party anticipates that further facts, witnesses and documents in support of its allegations and/or defenses will be discovered.

The following responses are given without prejudice to Responding Party's right to identify and produce additional documents, witnesses and facts which Responding Party may later discover or recall. Without in any way obligating itself to do so, Responding Party reserves the right to modify or supplement any and all responses herein as additional documents and witnesses are discovered, facts are ascertained, analyses are made, legal research is concluded and contentions are refined.

Additionally, Responding Party reserves the right to use or rely at trial on witnesses, documents, information and facts subsequently discovered, identified or produced, no matter by whom produced, discovered or identified, even if that information is omitted from these responses. Responding Party further reserves the right to interpose any and all other and further evidentiary objections to any information, materials or documents within the scope of purview of such request at or before such time as this matter proceeds to trial.

**RESPONSES TO FORM INTERROGATORIES**

**FORM INTERROGATORY NO. 1.1:**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories.

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Sarah E. Greenberg, Bonnie Roadarmel, and Michael Corfield, counsel of record for Responding Party.

**FORM INTERROGATORY NO. 2.1:**

State: (a) your name; (b) every name you have used in the past; and (c) the dates you used each name.

**RESPONSE TO FORM INTERROGATORY NO. 2.1:**

(a) Philip J. Salbato; (b) N/A; (c) N/A

**FORM INTERROGATORY NO. 2.2:**

State the date and place of your birth.

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

January 16, 1950, Frankfurt, Germany.

**FORM INTERROGATORY NO. 2.3:**

At the time of the INCIDENT, did you have a driver's license? If so, state: (a) the state or other issuing entity; (b) the license number and type; (c) the date of issuance; (d) all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

Yes. California Driver's License No. R0994783, no restrictions.

**FORM INTERROGATORY NO. 2.4:**

At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state: (a) the state or other issuing entity; (b) the license number and type; (c) the date of issuance; and (d) all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

No.

**FORM INTERROGATORY NO. 2.5:**

State: (a) your present residence ADDRESS; (b) your residence ADDRESSES for the last five years; (c) the dates you lived at each ADDRESS.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

For more than five years, 2152 Rodado Place, El Cajon, CA 92020.

**FORM INTERROGATORY NO. 2.6:**

State: (a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; (b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

////

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

Salbato Construction, 6986 La Jolla Blvd., Suite 208, La Jolla, CA 92037; owner since approximately February 1989.

**FORM INTERROGATORY NO. 2.7:**

State: (a) the name and ADDRESS of each school or other academic or vocational institution you have attended beginning with high school; (b) the dates you attended; (c) the highest grade level you have completed; (d) the degrees received.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

Norte Vista High School, Riverside, California, graduated 1968.

**FORM INTERROGATORY NO. 2.8:**

Have you ever been convicted of a felony? If so, or each conviction state: (a) the city and state where you were convicted; (b) the date of conviction, (c) the offense, and (d) the court and case number.

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

No.

**FORM INTERROGATORY NO. 2.9:**

Can you speak English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

Yes.

**FORM INTERROGATORY NO. 2.10:**

Can you read and write English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.10:**

Yes.

**FORM INTERROGATORY NO. 2.11:**

At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state: (a) the name, ADDRESS, and telephone number of that PERSON; and (b) a description of your duties.

**RESPONSE TO FORM INTERROGATORY NO. 2.11:**

Responding Party objects to this question on the basis that it is vague and ambiguous as to the meaning of the term "agent."

Subject to and without waiving said objection, Responding Party was hired by Skylark Investment Properties, LLC ("Skylark"), the owner of property located at 1205 Skylark Drive in La Jolla, California, to act as the general contractor on a project to construct a residence on said property. As the general contractor for the project, Responding Party acted upon and carried out instructions received from Skylark during the course of the construction of the residence. As a result, in a generic sense, Responding Party may at times, pursuant to its agreement to fulfill its duties as general contractor for the project, acted as an agent for Skylark.

**FORM INTERROGATORY NO. 3.1 :**

Are you a corporation? If so, state: (a) the name stated in the current articles of incorporation; (b) all other names used by the corporation during the past 10 years and dates each was used; (c) the date and place of incorporation; (d) the ADDRESS of the principal place of business; and (e) whether you are qualified to do business in California.

**RESPONSE TO FORM INTERROGATORY NO. 3.1:**

No.

**FORM INTERROGATORY NO. 3.2:**

Are you a partnership? If so, state: (a) the current partnership name; (b) all other names used by the partnership during the past 10 years and the date each was used; (c) whether you are a limited partnership and, if so, under the laws of what jurisdiction; (d) the name and address of each general partner; and (e) the ADDRESS of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.2:**

No.

**FORM INTERROGATORY NO. 3.3:**

Are you a limited liability company? If so, state: (a) the name stated in the current articles of organization; (b) all other names used by the company during the past 10 years and the date each was used; (c) the date and place of filing of the articles of organization; (d) the

NEWMEYER & DILLION LLP

ADDRESS of the principal place of business; and (e) whether you are qualified to do business in California.

**RESPONSE TO FORM INTERROGATORY NO. 3.3:**

No.

**FORM INTERROGATORY NO. 3.4:**

Are you a joint venture? If so, state: (a) the current joint venture name; (b) all other names used by the joint venture during the past ten years and the dates each was used; (c) the name and ADDRESS of each joint venturer; (d) the ADDRESS of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.4:**

No.

**FORM INTERROGATORY NO. 3.5:**

Are you an unincorporated association? If so, state: (a) the current unincorporated association name; (b) all other names used by the unincorporated association during the past ten years and the dates each was used; (c) the ADDRESS of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.5:**

No.

**FORM INTERROGATORY NO. 3.6:**

Have you done business under a fictitious name during the past ten years? If so, for each fictitious name state: (a) the name; (b) the dates each was used; (c) the state and county of each fictitious name filing; (d) the ADDRESS of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.6:**

Yes. Salbato Construction; 6986 La Jolla Blvd., Suite 208, La Jolla, CA 92037; beginning in approximately February 1989 through the present day.

**FORM INTERROGATORY NO. 3.7:**

Within the past five years has any public entity registered or licensed your business? If so, for each license or registration: (a) identify the license or registration; (b) state the name of the public entity; and (c) state the dates of issuance and expiration.

////

**RESPONSE TO FORM INTERROGATORY NO. 3.7:**

Yes. Contractor License #749234; California Contractors State Licensing Board; issued 5/11/1998, expires 5/31/2008.

**FORM INTERROGATORY NO. 4.1:**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state: (a) the kind of coverage; (b) the name and ADDRESS of the insurance company; (c) the name, ADDRESS, and telephone number of each named insured; (d) the policy number; (e) the limits of coverage for each type of coverage contained in the policy; (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; (g) the name, ADDRESS, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Responding Party objects to this interrogatory on the basis that it calls for a legal conclusion and that it seeks information protected by the attorney-client and attorney work-product privileges.

Subject to and without waiving said objections, Responding Party responds as follows: Yes.

1.    (a) general liability; (b) NIC Insurance Company, 6 International Drive, Suite 100, Rye Brook, NY 10573; (c) Phil Salbato dba Salbato Construction, 6986 La Jolla Blvd., Suite 208, La Jolla, CA 92037; (d) GS305773; (e) General Aggregate – $2 million limit, Each Occurrence – $1 million limit; (f) NIC has erroneously denied coverage and said denial is the basis for this lawsuit; (g) Propounding Party.

2.    Upon information and belief and in reliance upon statements from third parties: (a) general liability; (b) Environmental Casualty Insurance Corporation; (c) T-Mak dba California Window and Door; (d) 1187EG0006918; (e) unknown; (f) company is insolvent; (g) unknown.

3.    Upon information and belief and in reliance upon statements from third parties:

NEWMEYER & DILLION LLP

(a) general liability; (b) Lloyds of London, Ltd.; (c) Tradesource, Inc.; (d) SE820510X-AAS226; (e) unknown; (f) policy period effective date is post-completion of the project; (g) unknown.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

No.

**FORM INTERROGATORY NO. 9.1:**

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state: (a) the nature; (b) the date it occurred; (c) the amount; and (d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

Responding Party objects to this interrogatory on the basis that the term "damages" is vague and ambiguous. Responding Party understands "damages" to consist of those fees and costs incurred in the action entitled *Metcalfe v. Skylark Investment Properties, et al.*, San Diego Superior Court Case No. GIC 871533 (hereinafter, the "Underlying Action"), as well as the money spent to settle the Underlying Action, the cost to repair the alleged defects, and the cost to secure policy benefits unreasonably withheld.

Subject to and without waiving said objections, Responding Party responds as follows:

1. (a) Legal fees and costs incurred in the defense of the Underlying Action; (b) February 2005 through August 2007; (c) approx. $406,000; (d) defense counsel for Responding Party, Newmeyer & Dillion, LLP.

2. (a) Resultant property damage caused by defective windows installed by subcontractors at the project; (b) ongoing and continuous since installation of windows in approximately June/July 2003; (c) estimated cost of repair - $250,000; (d) Responding Party.

3. (a) Resultant property damage caused by concrete and foundation defects as the result of subcontractor work at the project; (b) ongoing and continuous since January 29, 2003; (c) estimated cost of repair - $375,000; (d) Responding Party.

NEWMEYER & DILLION LLP

4. (a) Legal fees and costs incurred in the prosecution of this action; (b) ongoing and continuous since June 2007; (c) approx. $5,000 to date; (d) counsel for Responding Party, Newmeyer & Dillion, LLP.

Discovery is ongoing.

**FORM INTERROGATORY NO. 9.2:**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Responding Party objects to this interrogatory on the basis that the term "damages" is vague and ambiguous.

Subject to the definition of "damages" set forth in Responding Party's Response to Form Interrogatory No. 9.1 above and without waiving said objections, Responding Party responds as follows:

Yes. The pleadings and documents generated in the underlying construction defect case filed against Responding Party, including, but not limited to, the underlying complaint, the underlying homeowner's preliminary repair recommendations and preliminary cost of repair, the subcontract agreement between Responding Party and California Windows & Doors, Inc., Responding Party's job log, and the underlying homeowner's deposition transcript, all of which were previously provided to Propounding Party. Counsel for Responding Party, Newmeyer & Dillion, LLP, billing statements and invoices. Discovery is ongoing.

**FORM INTERROGATORY NO. 50.1:**

For each agreement alleged in the pleadings: (a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT; (b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made; (c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each

PERSON who has the DOCUMENT; (d) identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT; (e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made; (f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 50.1:**

(a) NIC Policy No. GS305773, issued to Responding Party by Propounding Party; (b) N/A; (c) N/A; (d) N/A; (e) N/A; (f) N/A.

**FORM INTERROGATORY NO. 50.2:**

Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

**RESPONSE TO FORM INTERROGATORY NO. 50.2:**

Yes.

NIC was obligated to properly investigate, adjust, and defend all claims made against Responding Party that even potentially fell within the coverage of the NIC policy, even if the claims were groundless, false or fraudulent. In addition, NIC was obligated to pay all sums which Responding Party became obligated to pay as damages because of alleged property damage falling within the coverage of the NIC policy.

NIC breached these duties by refusing to defend or indemnify Responding Party as required by the contract terms and California law when a claim, a lawsuit filed by the homeowner of 1205 Skylark against Responding Party, the Underlying Action, was presented to NIC which fell within the coverage of the NIC policy.

The facts underlying NIC's breaches are as follows:

On or about September 19, 2006, Responding Party timely tendered the defense and indemnification of the Underlying Action to NIC under the NIC policy issued to Responding Party. Responding Party provided documents and information sufficient to trigger NIC's defense

NEWMEYER & DILLION LLP

obligation. Responding Party received no response to his tender from NIC.

On October 18, 2006, Responding Party again wrote to NIC requesting a defense and indemnity. As before, Responding Party received no response whatsoever to his tender.

On November 3, 2006, Responding Party wrote to NIC a third time demanding that NIC immediately provide a defense to him.

Three tender letters later and months after Responding Party first tendered the claim, NIC finally acknowledged receipt of Responding Party's tender on December 4, 2006. In the same letter, however, NIC stated it was denying the claim and that NIC would not provide a defense or indemnity to Responding Party.

By letter dated December 15, 2006, Responding Party made a good faith effort to secure NIC's participation in Responding Party's defense by pointing out numerous flaws in NIC's flawed coverage analysis.

On or about January 3, 2007, NIC wrote to Responding Party indicating that NIC would stand by its prior coverage determination and that NIC would refuse to provide coverage for Responding Party for the Underlying Action.

On January 12, 2007, March 15, 2007, March 20, 2007 and April 6, 2007, Responding Party wrote to NIC four times in continuing efforts to secure NIC's participation in Responding Party's defense. Responding Party also informed NIC of its settlement efforts and requested NIC's attendance at mediations with the homeowner in the Underlying Action. Responding Party repeatedly informed NIC that its coverage position was unsupported by the facts and California law and asked that NIC re-evaluate its coverage position.

Responding Party received no response from NIC to any of his four letters until May 14, 2007, when NIC wrote to Responding Party indicating that the matter was belatedly being referred to coverage counsel.

Coverage counsel for NIC wrote to Responding Party on May 23, 2007 requesting a slew of additional information it stated was necessary for NIC to re-evaluate its coverage position.

Within two weeks of coverage counsel's request for numerous items of additional information, the ten requests, including all document requests, were answered and sent to NIC's

NEWMEYER & DILLION LLP

coverage counsel on June 5, 2007. This information presented undisputable evidence that a defense was owed to Responding Party since a potential for coverage existed under the NIC policy for the Underlying Action.

On June 7, 2007, one day after NIC received the additional information, NIC's coverage counsel indicated that NIC would maintain its improper denial of coverage.

Responding Party was thus compelled to settle the homeowner claim for a substantial amount in order to avoid further litigation costs and expenses, and to minimize its liability exposure.

NIC continues to this day to refuse to either defend or indemnify Responding Party for the Underlying Action in violation of the terms of the NIC policy.

**FORM INTERROGATORY NO. 50.3:**

Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

**RESPONSE TO FORM INTERROGATORY NO. 50.3:**

No.

**FORM INTERROGATORY NO. 50.4:**

Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

**RESPONSE TO FORM INTERROGATORY NO. 50.4:**

No.

**FORM INTERROGATORY NO. 50.5:**

Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

**RESPONSE TO FORM INTERROGATORY NO. 50.5:**

No.

**FORM INTERROGATORY NO. 50.6:**

Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous

agreement and state why it is ambiguous.

**RESPONSE TO FORM INTERROGATORY NO. 50.6:**

At this time, Responding Party does not believe that the NIC policy is ambiguous on its face. However, discovery is ongoing and Responding Party may find that the policy contains hidden ambiguities not readily apparent at this time, either in the terms of the policy itself or in how the terms are applied to the facts of this matter. Responding Party reserves the right to modify or amend its response upon additional discovery in this matter.

DATED: October 2, 2007

NEWMEYER & DILLION LLP

By: ______________________

Sarah E. Greenberg
Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

NEWMEYER & DILLION LLP

VERIFICATION

I have read the foregoing **PLAINTIFF PHILIP J. SALBATO DBA SALBATO CONSTRUCTION RESPONSES TO FORM INTERROGATORIES (SET ONE)** and know its contents.

[X] I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am ________________ of ________________________, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true.

[ ] I am one of the attorneys of record for __________________, a party to this action. Such party is absent from the county in which I have my office, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true.

Executed at _____________, California on this ____ day of ______________, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Philip J. Salbato dba Salbato Construction

NEWMEYER & DILLION LLP

PAGE 1/1 * RCVD AT 10/2/2007 10:25:10 AM [Pacific Daylight Time] * SVR:NB-FAX02/0 * DNIS:7099 * CSID:8584830881 * DURATION (mm-ss):00-30

NEWMEYER & DILLION LLP

**PROOF OF SERVICE**

Philip Salbato dba Salbato Construction v. NIC Insurance Company

STATE OF CALIFORNIA )
) ss.
CITY AND COUNTY OF ORANGE )

I, Lynn Ortiz, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 895 Dove Street, Fifth Floor, Newport Beach, CA 92660. On October 2, 2007, I served the within documents:

**RESPONSES TO NIC'S FORM INTERROGATORIES –SET ONE**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below

☐ by placing the document(s) listed above in a sealed OverNite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an OverNite Express agent for delivery.

☐ by causing the document(s) listed to be personally delivered to the person(s) at the address(es) set forth below

Susan F. Halman, Esq.
Selvin Wraith Halman LLP
505 14th Street, Suite 1200
Oakland, CA 94812

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 2, 2007, at Newport Beach, California.

Lynn Ortiz