Susan F. Halman, State Bar No. 111511
E-mail:    shalman@selvinwraith.com
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:  (510) 874-1811
Facsimile:   (510) 465-8976

Attorneys for Defendant
NIC INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| PHILIP SALBATO dba SALBATO CONSTRUCTION,<br><br>        Plaintiff,<br><br>    v.<br><br>NIC INSURANCE COMPANY erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive,<br><br>        Defendants. | CASE NO.  3:07-cv-01992-JLS-LSP<br><br>Orange County Superior Court Action No.: 07CC07481<br><br>**DECLARATION OF SUSAN F. HALMAN IN SUPPORT OF MOTION FOR TRANSFER OF CASE TO CURE DEFECT IN INITIAL VENUE (28 U.S.C. §§ 1404, 1406(A))**<br><br>*(ACCOMPANYING PAPERS: NOTICE OF MOTION; MEMORANDUM OF POINTS & AUTHORITIES)*<br><br>**DATE:       December 21, 2007<br>TIME:        10:30 a.m.<br>JUDGE:    Hon. Janis L. Sammartino**<br><br>**"ORAL ARGUMENT NOT REQUIRED"** |

I, Susan F. Halman, declare as follows:

I am a partner of Selvin Wraith Halman LLP, counsel of record for Defendant NIC Insurance Company in this litigation. I possess personal knowledge of the matters set forth herein and, if called upon as a witness in this matter, I could and would completely testify thereto.

1

1.    On June 29, 2007, Plaintiff Philip Salbato dba Salbato Construction ("Plaintiff"), a resident of San Diego County, commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Orange, entitled <u>Philip Salbato dba Salbato Construction, Plaintiff, v. Navigators Insurance Company;</u> and Does 1 through 200, inclusive, Defendants, as case no. 07CC07481. On July 25, 2007, plaintiff Philip Salbato dba Salbato Construction filed a First Amended Complaint to correct the name of the defendant insurance company to NIC Insurance Company, erroneously sued as Navigators Insurance Company.  In my capacity as counsel for NIC Insurance Company, I agreed to accept service of Plaintiff's First Amended Complaint by mail, and service was effected on my firm on July 25, 2007.  A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit "A"**.

2.    Upon my receipt of Plaintiff's Complaint and the First Amended Complaint, I reviewed each pleading to determine whether there was complete diversity between the Plaintiff and Defendant and/or whether the amount in controversy exceeded $75,000.  I could not determine either fact from the face of the pleadings.  Although I spoke with Plaintiff's counsel about the amount of Plaintiff's alleged damages on August 20, 2007, and invited Plaintiff's counsel to provide me with documentation of those sums, I did not receive any written confirmation of those amounts.

3.    On August 27, 2007, I arranged for the timely filing of NIC Insurance Company's Answer to Plaintiff's First Amended Complaint in the Superior Court of the State of California for the County of Orange.  Defendant NIC's Answer declares that NIC Insurance Company is a New York corporation, thereby establishing through a pleading filed in the action that there is complete diversity of citizenship between the parties.  However, the amount of the damages in controversy remained unclear from any pleading "or other paper" filed in this action.  Consequently, on August 28, 2007, I arranged for service of NIC Insurance Company's Form Interrogatories – Set One

DECLARATION OF SUSAN F. HALMAN IN SUPPORT OF MOTION FOR TRANSFER TO

1    upon Plaintiff using the Judicial Council of California Form DISC-001 (Rev.

2    1/1/2007). Among these were Form Interrogatory no. 9.1, requiring disclosure of

3    specific amounts of Plaintiff's alleged damages.

4        4.    On October 2, 2007, Plaintiff Philip Salbato dba Salbato Construction

5    served Responses to NIC's Form Interrogatories – Set One ("Responses"), disclosing

6    that the specific amount of his damages claimed against Defendant NIC in this

7    litigation exceeds $75,000. Plaintiff's Responses served in this action now establish

8    that the amount in controversy in this action exceeds the jurisdictional minimum. I

9    received Plaintiff's Responses by mail on October 4, 2007.

10       5.    Based upon NIC's Answer establishing the diversity of citizenship, and

11   Plaintiff's Responses establishing that the amount in controversy exceeds the statutory

12   minimum requirement of 28 U.S. Code § 1332(a), I arranged for Defendant NIC to

13   timely file its Notice of Removal of this action to the federal district court within thirty

14   (30) days after I had received Plaintiff's Responses to Defendant NIC's Form

15   Interrogatories – Set One. However, through a clerical error, Defendant NIC's Notice

16   of Removal was filed with this Court – the federal district court for the Southern

17   District of California – rather than with the Southern Division of the Central District of

18   California. This mistake was caused, in part, by my having noted Plaintiff's

19   allegations in the First Amended Complaint ("FAC") that Plaintiff is an individual

20   residing in the County of San Diego (*see*, Exh. "A", FAC at ¶ 1), that the underlying

21   events occurred in San Diego (*see*, Exh. "A", FAC at ¶ 7), and that the underlying

22   litigation was venued in the Superior Court for the County of San Diego (*see*, Exh.

23   "A", FAC at ¶ 8).

24

25

26

27

28

3

1    5.    This case could have been properly removed initially to the Southern

2  Division of the Central District of California, because venue there is proper based upon

3  the state court action having been filed in the Superior Court of Orange County.

4    I declare under penalty of perjury, under the laws of the United States of

5  America, that the foregoing is true and correct.  Executed this 19th day of October,

6  2007, in Oakland, California.

7

8    *Susan F Halman*
     SUSAN F. HALMAN

9  46029.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SUSAN F. HALMAN IN SUPPORT OF MOTION FOR TRANSFER TO