EXHIBIT A

NEWMEYER & DILLION LLP
REED N. ARCHAMBAULT, CBN 151012
BONNIE ROADARMEL, CBN 205275
SARAH E. GREENBERG, CBN 237576
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY, CENTRAL JUSTICE CENTER

| | |
|---|---|
| PHILIP SALBATO dba SALBATO CONSTRUCTION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NIC INSURANCE COMPANY, erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive,<br><br>　　　　Defendants. | CASE NO.:　　07CC07481<br>JUDGE:　　　Corey S. Cramin<br>DEPT:　　　　C8<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.　**DECLARATORY RELIEF;**<br>2.　**BREACH OF CONTRACT – DUTY TO DEFEND;**<br>3.　**BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND**<br>4.　**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>FILE DATE:　　June 29, 2007<br>TRIAL DATE: |

Philip Salbato, dba Salbato Construction, ("Plaintiff") hereby alleges as follows:

**PARTIES**

1.　Plaintiff is, and at all times mentioned herein has been, an individual residing in the County of San Diego, State of California, doing business as Salbato Construction.

2.　NIC Insurance Company ("NIC"), erroneously sued as Navigators Insurance Company, a business of unknown form, is now, and at all times mentioned herein has been, doing business as an insurer in the State of California, County of Orange.

3.　Defendants Does 1 through 100 are persons, corporations or other entities doing insurance business in the State of California. The true identities of Does 1 through 100 are

953775.1

-1-

FIRST AMENDED COMPLAINT

currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each when its identity is discovered. Each of Does 1 through 100 made, issued, executed and/or delivered one or more policies of insurance which named Plaintiff as an insured and provide, or potentially provide, coverage for all or a portion of the claims made against Plaintiff by the homeowner in the Underlying Action, as described below.

4. Defendants Does 101 through 200 are persons, corporations or other entities that reside in or are authorized to do and doing business in the State of California. The true identities of Does 101 through 200 are currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this complaint to assert the proper names of each such Doe Defendant when its identity is discovered. Each of Does 101 through 200 was the director, officer, managerial agent, employee, predecessor, related entity successor, joint-venturer, co-conspirator, agent, alter ego and/or representative of one or more of the other Defendants named herein, and/or acted with the permission, authorization and/or ratification and consent of such other Defendants and their officers, directors and/or managerial agents.

5. For the purposes of this complaint, and where appropriate, Does 1 to 200 may be referred to collectively as the "Insurer Defendants."

6. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant was in some way responsible for, participated in, or contributed to the matters of which Plaintiff complains, and has legal responsibility for those matters.

## THE UNDERLYING ACTION

7. Plaintiff was, at certain relevant times, involved in the construction of a custom home located at 1205 Skylark Drive, in the City of San Diego, County of San Diego.

8. On or about August 26, 2006, a lawsuit alleging construction defects was filed by the homeowner of 1205 Skylark against Plaintiff, entitled *Metcalfe v. Skylark Investment Properties, et al.* San Diego Superior Court Case No. GIC 871533 (hereinafter, the "Underlying Action").

9. For the purposes of this complaint, and when appropriate, 1205 Skylark may be referred to as the "Project."

10. The homeowner in the Underlying Action claims that property damage occurred and exists at the Project and that she has sustained property damages arising from defective construction of the residence at the Project. As a result of these claims, Plaintiff herein has been compelled to incur loss and adjustment, mitigation, repair, damages, and/or investigative costs, as well as attorneys' fees, expert fees, court costs, and expenses in the Underlying Action and in this action, and may in the future be compelled to incur additional costs, expenses, fees, and damages as a result of these claims.

11. Plaintiff is informed and believes, and thereon alleges, that if, and to the extent any, such defects and property damage and/or personal injury damages exist, they occurred, or potentially occurred, prior to or after the completion of the construction of the Project, and that such defects and damages occurred, progressed and/or continued in each year from that time to the present.

12. Plaintiff is informed and believes, and thereon alleges, that NIC and each of the Insurer Defendants executed and delivered one or more polices of comprehensive general liability insurance applicable to the Project specifically naming Plaintiff as a named insured under such policies. Such policies include, but are not limited to, Policy No. GS 305773, effective January 23, 2003 through January 23, 2004, issued by NIC (hereinafter, "NIC Policy"). NIC acknowledged Plaintiff was a named insured under the NIC Policy.

13. Pursuant to the policies of comprehensive general liability insurance referred to hereinabove, NIC and each of the Insurer Defendants promised to pay all sums which Plaintiff became obligated to pay because of property damage and/or personal injury at the Project caused by an occurrence during the effective coverage period of the policy. NIC and each of the Insurer Defendants further agreed to immediately and completely defend Plaintiff as to any suit potentially alleging such property damage and/or personal injury, even if any of the claims were groundless, false or fraudulent. NIC's and each of the Insurer Defendants' defense obligations include a duty to defend all claims, covered and non-covered.

14. The homeowner plaintiff in the Underlying Action has made allegations and claims indicating, or evidence is available otherwise to NIC and Insurer Defendants, that property

953775.1
- 3 -
FIRST AMENDED COMPLAINT

1  damage occurred, or potentially occurred, during the policy periods of the insurance policies issued by NIC and each of the Insurer Defendants. NIC and each of the Insurer Defendants refused or failed to defend and indemnify Plaintiff. As a result of the homeowner's claims, Plaintiff was compelled to settle with the homeowner in the Underlying Action.

15. Plaintiff provided timely notice of the claims asserted against him in the Underlying Action to NIC and each of the Insurer Defendants.

16. Plaintiff has performed each covenant and/or condition which on his part must be performed in order to obtain coverage under each and all of the polices referenced hereinabove, or has been excused from so performing as a result of NIC's and each of the Insurer Defendants' breach of their respective insurance agreements, including their failure or refusal to defend and/or indemnify Plaintiff.

## FIRST CAUSE OF ACTION

### For Declaratory Relief

### (Against NIC and All Insurer Defendants)

17. Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 16 of this complaint.

18. There presently exists an actual controversy between Plaintiff and NIC and each of the Insurer Defendants concerning NIC's and each of the Insurer Defendants' respective obligations and duties owed to Plaintiff pursuant to the policies referenced above. Plaintiff contends that NIC and each of the Insurer Defendants owed an immediate and independent duty to defend him fully and completely in the Underlying Action. Plaintiff contends that NIC and each of the Insurer Defendants owed a duty to indemnify him also in the Underlying Action. NIC and each of the Insurer Defendants dispute these contentions and have failed and refused to defend and indemnify Plaintiff.

19. Plaintiff requests a judicial declaration of the respective rights and duties of Plaintiff and NIC and each of the Insurer Defendants under the policies mentioned herein, including a declaration as to the correct interpretation of the policies and the applicability of insurance coverage. Plaintiff also requests a declaration that NIC and each of the Insurer

953775.1

- 4 -

FIRST AMENDED COMPLAINT

Defendants is independently obligated to defend Plaintiff immediately and completely, to reimburse Plaintiff for all reasonable fees, and costs paid by him, and to pay for all reasonable and necessary, unpaid attorneys' fees, costs, expert fees, investigative costs, and other expenses incurred by Plaintiff that arise out of, or are related to, the facts and circumstances giving rise to the Underlying Action.

20. Plaintiff further requests a declaration that NIC and each of the Insurer Defendants are obligated to indemnify Plaintiff and to reimburse Plaintiff for settlement payments made to the homeowner in the Underlying Action.

21. Such declarations are necessary and appropriate to determine the rights and duties of the parties under the insurance policies.

## SECOND CAUSE OF ACTION

### For Breach of Contract – Duty to Defend

### (Against NIC and All Insurer Defendants)

22. Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 21 of this complaint.

23. As set forth above, NIC and each of the Insurer Defendants, among other things, agreed to investigate and adjust claims made against Plaintiff. NIC and each of the Insurer Defendants also agreed to defend Plaintiff as to any claim on account of alleged property damage and/or personal injury caused by an occurrence falling, or potentially falling, within the coverage of, or as defined in, each policy. Pursuant to each of these insurance policies, NIC and each of the Insurer Defendants also had a duty to conduct an adequate investigation of any claims made against Plaintiff, and to defend Plaintiff against claims made by the homeowner.

24. NIC and each of the Insurer Defendants further agreed to defend Plaintiff on account of such alleged property damage and/or personal injury even if any of the claims were groundless, false or fraudulent. NIC's and each of the Insurer Defendants' duty to defend included a duty to provide an immediate, complete and conflict-free defense in accordance with California law.

////

953775.1

- 5 -

FIRST AMENDED COMPLAINT

25. Plaintiff has duly performed each and every covenant and/or condition of the respective policies of insurance issued by NIC and each of the Insurer Defendants or has been excused from so performing as a result of NIC's and each of the Insurer Defendant's breach of its respective insurance agreement, including its refusal to defend Plaintiff.

26. As a result of the Underlying Action, Plaintiff has been forced to incur loss adjustment, mitigation, repair, investigative costs, attorneys' fees, expert fees, court costs and other expenses, because of alleged property damage and/or personal injury caused by an occurrence falling, or potentially falling, within the coverage of, or as defined in, each of the policies referred to above. In breach of these insurance policies, NIC and each of the Insurer Defendants, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to pay and/or reimburse Plaintiff for the costs of defense, repair, loss adjustment, damages, mitigation, investigation and other costs and expenses as a result of the Underlying Action.

27. NIC's and each of the Insurer Defendants' breach of their insurance contracts with Plaintiff include, but are not limited to, the failure and refusal of NIC and each of the Insurer Defendants to do one or more of the following:

(a) Adequately respond to the tenders of defense and other correspondence from Plaintiff;

(b) Adequately investigate the claims made in the Underlying Action against Plaintiff;

(c) Provide an appropriate defense to Plaintiff of all covered and non-covered claims; and/or

(d) Reimburse Plaintiff for attorneys' fees, expert fees, damages and other costs associated with the investigation and defense of the claims made in the Underlying Action.

28. As a direct and proximate result of NIC's and each of the Insurer Defendants' breach of their contractual duties, Plaintiff has incurred substantial attorneys' fees, costs, and expenses in defense, repair, loss adjustment, mitigation, investigation, and other costs and expenses in an amount within the jurisdictional limits of this court, according to proof.

953775.1

- 6 -

FIRST AMENDED COMPLAINT

29. Plaintiff is entitled to recover all of its damages as referenced herein, with interest thereon, according to proof.

### THIRD CAUSE OF ACTION

### For Breach of Contract – Duty to Indemnify

### (Against NIC and All Insurer Defendants)

30. Plaintiff repeats and incorporates all of the allegations contained in paragraphs 1 through 29 of this complaint.

31. Pursuant to the terms of the policies, NIC and each of the Insurer Defendants promised to pay all sums which Plaintiff became obligated to pay as damages because of property damage at the Project caused by an occurrence during the effective coverage period of the policy. In short, NIC and each of the Insurer Defendants agreed to indemnify Plaintiff for covered damages and/or losses arising out of the Project.

32. Plaintiff has duly performed each and every covenant and/or condition of the respective policies of insurance issued by NIC and each of the Insurer Defendants or has been excused from so performing as a result of NIC's and each of the Insurer Defendant's breach of its respective insurance agreement, including its refusal to indemnify Plaintiff.

33. As a result of the homeowner's claims in the Underlying Action, Plaintiff was compelled to settle with the homeowner in the Underlying Action. Plaintiff has paid substantial funds to the homeowner to settle claims for damages.

34. In breach of the insurance policies, NIC and each of the Insurer Defendants, through their officers and/or managerial agents and/or employees, have refused and continue to refuse to indemnify Plaintiff for all covered claims made by the homeowner in the Underlying Action. NIC and each of the Insurer Defendants have refused and continue to refuse to pay and/or reimburse Plaintiff for the settlement costs he expended to resolve the Underlying Action.

35. NIC's and each of the Insurer Defendants' breach of their insurance contracts with Plaintiff include, but are not limited to, the failure and refusal of NIC and each of the Insurer Defendants to do one or more of the following:

////

953775.1

- 7 -

FIRST AMENDED COMPLAINT

(a) Adequately respond to Plaintiff's request for indemnification;

(b) Adequately investigate the claims made in the Underlying Action against Plaintiff;

(c) Adequately respond to Plaintiff's request for a coverage position; and/or

(d) Indemnify Plaintiff for all covered claims made by the homeowner in the Underlying Action.

36. As a direct and proximate result of NIC's and each of the Insurer Defendants' breach of their contractual duties, Plaintiff has incurred damages in an amount within the jurisdictional limits of this court, according to proof.

37. Plaintiff is entitled to recover all of its damages as referenced herein, with interest thereon, according to proof.

## FOURTH CAUSE OF ACTION

### For Breach of the Covenant of Good Faith and Fair Dealing

### (Against NIC and All Insurer Defendants)

38. Plaintiff repeats and incorporates by this reference each and all allegations contained in paragraph 1 through 37 of this complaint.

39. NIC and each of the Insurer Defendants, at all material times, had the duty to act fairly and in good faith to Plaintiff in carrying out their responsibilities under the respective insurance policies.

40. Pursuant to the respective insurance policies, NIC and each of the Insurer Defendants had legal obligations to act fairly and in good faith to Plaintiff, to promptly and reasonably investigate claims against Plaintiff, and to make reasonable coverage decisions.

41. Plaintiff is informed and believes, and thereon alleges, that NIC and each of the Insurer Defendants breached their obligation to act fairly and in good faith toward Plaintiff by one or more of the following:

(a) Failing to conduct reasonable, prompt and unbiased investigations into claims alleged in the Underlying Action;

////

953775.1

- 8 -

FIRST AMENDED COMPLAINT

(b) Delaying and/or failing to reach a decision as to whether to provide a defense and/or coverage;

(c) Failing to give due consideration of the serious and grave nature of the claims pertaining to the specialty subcontractor trades asserted in the Underlying Action in investigating Plaintiff's claims;

(d) Making coverage decisions without reviewing the applicable insurance policies or documentation contained within its files;

(e) Failing to provide a defense and/or indemnity to Plaintiff as to the Underlying Action without proper cause and without regard to the provisions of the respective insurance policies, relevant case law, and facts alleged by the Underlying Action or otherwise available to NIC and each of the Insurer Defendants through reasonable investigation;

(f) Intentionally setting out to treat Plaintiff differently from other insureds with respect to the degree of investigation undertaken and the coverage position asserted;

(g) Basing its coverage decisions on its desire to reduce or avoid its obligations to Plaintiff;

(h) Refusing to defend or indemnify Plaintiff with the intention of coercing Plaintiff to forego the benefits of the respective policies;

(i) Rendering or delaying its coverage decisions in conscious disregard of the risk of jeopardizing Plaintiff's entire defense;

(j) Failing to acknowledge communications from Plaintiff in violation of Sections 2695.5, 2695.6, and 2695.7 of the California Code of Regulations;

(k) Taking positions directly contrary to controlling California appellate authorities;

(l) Taking positions directly contrary to controlling California Supreme Court authorities;

(m) Taking the above-described actions for the purpose of forcing Plaintiff to forego the benefits to which it is entitled and forcing Plaintiff to expend and incur liability in the investigation, defense and/or settlement of the Underlying Action; and

953775.1                                         - 9 -
FIRST AMENDED COMPLAINT

      (n)    Taking the actions referenced in sub-paragraphs (a) through (o) referenced above as part of a systematic and deliberate scheme to withhold policy benefits that would otherwise be due.

42.    On knowledge, information, and belief, specific factual allegations as to the fraudulent, malicious, and oppressive conduct of NIC toward Plaintiff include, but are not limited to, the following:

      (a)    On or about September 19, 2006, Plaintiff timely tendered the defense and indemnification of the Underlying Action to NIC under the NIC policy issued to Plaintiff. Plaintiff received no response to his tender from NIC.

      (b)    On October 18, 2006, Plaintiff again wrote to NIC requesting a defense and indemnity. As before, Plaintiff received no response whatsoever to his tender.

      (c)    On November 3, 2006, Plaintiff wrote to NIC a third time demanding that NIC immediately provide a defense to him.

      (d)    Three tender letters later and months after Plaintiffs first tendered the claim, a claims specialist and authorized agent, officer, director or managing agent for NIC ("NIC's Agent") finally acknowledged receipt of Plaintiff's tender on December 4, 2006. In the same letter, however, NIC stated it was denying the claim and that NIC would not provide a defense or indemnity to Plaintiff.

      (e)    By letter dated December 15, 2006, Plaintiff made a good faith effort to secure NIC's participation in Plaintiff's defense by pointing out numerous flaws in NIC's flawed coverage analysis.

      (f)    On or about January 3, 2007, NIC's Agent wrote to Plaintiff indicating that NIC would stand by its prior coverage determination and that NIC would refuse to provide coverage for Plaintiff for the Underlying Action.

      (g)    On January 12, 2007, March 15, 2007, March 20, 2007 and April 6, 2007, Plaintiff wrote to NIC four times in continuing efforts to secure NIC's participation in Plaintiff's defense. Plaintiff also informed NIC of its settlement efforts and requested NIC's attendance at mediations with the homeowner in the Underlying Action. Plaintiff repeatedly informed NIC that

FIRST AMENDED COMPLAINT

its coverage position was unsupported by the facts and California law and asked that NIC re-evaluate its coverage position.

   (h) Plaintiff received no response from NIC to any of his four letters until May 14, 2007, when NIC's Agent wrote to Plaintiff indicating that the matter was belatedly being referred to coverage counsel.

   (i) Coverage counsel for NIC wrote to Plaintiff on May 23, 2007 requesting a slew of additional information. it stated was necessary for NIC to re-evaluate its coverage position.

   (j) Within two weeks of coverage counsel's request for numerous items of additional information, the ten requests, including all document requests, were answered and sent to NIC's coverage counsel on June 5, 2007. This additional information presented undisputable evidence that a defense was owed to Plaintiff since a potential for coverage existed under the NIC policy for the Underlying Action.

   (k) On June 7, 2007, one day after NIC received the additional information, NIC's coverage counsel indicated that NIC would maintain its improper denial of coverage.

   (l) Plaintiff was thus compelled to settle the homeowner claim for a substantial amount in order to avoid further litigation costs and expenses, and to minimize its liability exposure.

   (m) At the time NIC denied coverage to Plaintiff, it knew such denial was contrary to the terms of the policy and California law.

   (n) NIC's Agent intentionally and maliciously denied coverage to Plaintiff with the intent of depriving Plaintiff of the benefits to which Plaintiff is entitled under the policy.

  43. Plaintiff is also informed and believes that the respective officers, directors, and/or managing agents and/or employees of NIC and each of the Insurer Defendants participated in, authorized and/or ratified the wrongful conduct of NIC and each of the Insurer Defendants as alleged above.

  44. As a result of NIC's and each of the Insurer Defendants' bad faith conduct, Plaintiff has incurred substantial attorneys' fees, expert fees, costs and expenses in defense,

1   repair, loss adjustment, damages, mitigation, investigation and/or other costs and expenses in
2   response to the Underlying Action, as well as paid the homeowner's claims in the Underlying
3   Action. Plaintiff has been required to bring this complaint to enforce his rights as an insured
4   under the policies mentioned herein. Plaintiff is entitled to recover as damages against NIC and
5   each of the Insurer Defendants all the aforementioned fees, costs, expenses, and damages which
6   he has incurred as a result of the Underlying Actions, together with interest thereon. Plaintiff has
7   suffered, and will continue to suffer, damages in the amount within the jurisdiction of this Court,
8   according to proof.

45.   Plaintiff is further entitled to recover as damages against NIC and each of the Insurer Defendants all fees, expenses and costs incurred in this action to enforce his rights under the respective insurance policies, plus interest thereon, according to proof.

46.   The above-described conduct of NIC and each of the Insurer Defendants has been and continues to be unreasonable, capricious and arbitrary, and constitutes a breach of the covenant of good faith and fair dealing contained in the policies. The above-described conduct further constitutes malicious, oppressive, and despicable conduct and conscious disregard of Plaintiff's rights, and stems from improper and evil motives, including NIC's and each of the Insurer Defendants' desire to reduce or avoid their obligations to Plaintiff, so as to justify an award of punitive and exemplary damages. Additionally, Plaintiff is informed and believes, and thereon alleges, that NIC's and each of the Insurer Defendants' acts, as described in the above paragraphs, constitute a systematic, methodical and general scheme to improperly, unfairly and unreasonably deprive Plaintiff of the benefits of insurance coverage to which he is entitled.

WHEREFORE, Plaintiff prays for judgment against each and all of the defendants as follows:

## PRAYER

### ON THE FIRST CAUSE OF ACTION

1.   For a declaratory judgment determining the rights and obligations between Plaintiff and NIC and each of the Insurer Defendants under the terms of the insurance policies at issue herein, and that NIC and each of the Insurer Defendants owed an independent duty under

953775.1
- 12 -

California law to provide Plaintiff an immediate, full, complete and conflict-free defense of the Underlying Action;

2. For a declaratory judgment that NIC and each of the Insurer Defendants reimburse Plaintiff for all reasonable and necessary defense fees and costs paid or incurred by him in defense of the Underlying Action; and

3. For a declaratory judgment that NIC and each of the Insurer Defendants owed a duty to indemnify Plaintiff for damages and/or losses incurred in the Underlying Action, including a declaration that NIC and each of the Insurer Defendants reimburse Plaintiff for all settlement monies paid by Plaintiff to the homeowner in the Underlying Action.

### ON THE SECOND CAUSE OF ACTION

3. For compensatory damages according to proof.

### ON THE THIRD CAUSE OF ACTION

4. For compensatory damages according to proof.

### ON THE FOURTH CAUSE OF ACTION

5. For compensatory damages according to proof;

6. For attorneys' fees incurred in obtaining the benefits unreasonably withheld under the respective policies, according to proof; and

7. For exemplary damages, according to proof.

### ON ALL CAUSES OF ACTION

8. For costs of suit herein;

9. For interest on this sum at the prevailing legal rate from the date first incurred until paid; and

10. For all such other relief as the Court may deem just and proper.

DATED: July 25, 2007                NEWMEYER & DILLION LLP

By: /s/ Sarah E. Greenberg
Sarah E. Greenberg
Attorneys for Plaintiff, Philip Salbato dba Salbato Construction

953775.1

- 13 -

FIRST AMENDED COMPLAINT

NEWMEYER & DILLION LLP
REED N. ARCHAMBAULT, CBN 151012
BONNIE ROADARMEL, CBN 205275
SARAH E. GREENBERG, CBN 237576
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Plaintiff
Philip Salbato dba Salbato Construction

SUPERIOR COURT OF CALIFORNIA

ORANGE COUNTY, CENTRAL JUSTICE CENTER

| | |
|---|---|
| PHILIP SALBATO dba SALBATO CONSTRUCTION,<br><br>Plaintiff,<br><br>vs.<br><br>NIC INSURANCE COMPANY, erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive<br><br>Defendants. | CASE NO.: 07CC07481<br>DEPT: C8<br>JUDGE: Corey S. Cramin<br><br>**PROOF OF SERVICE**<br><br>FILE DATE: June 29, 2007<br>TRIAL DATE SET: No Date Set |

I, Lynn Ortiz, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 895 Dove Street, Fifth Floor, Newport Beach, CA 92660. On July 25, 2007, I served the within documents:

**FIRST AMENDED COMPLAINT FOR: 1. DECLARATORY RELIEF; 2. BREACH OF CONTRACT – DUTY TO DEFEND; 3. BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND 4. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below:

1023030.1

Susan F. Halman, Esq.
Selvin Wraith Halman LLP
505 14th Street, Suite 1200
Oakland, CA 94812

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 25, 2007, at Newport Beach, California.

_____
Lynn Ortiz

1023030.1

- 2 -

PROOF OF SERVICE