1  Susan F. Halman, State Bar No. 111511
   E-mail:    shalman@selvinwraith.com
2  SELVIN WRAITH HALMAN LLP
3  505 14th Street, Suite 1200
   Oakland, CA 94612
4  Telephone:  (510) 874-1811
   Facsimile:   (510) 465-8976
5

6  Attorneys for Defendant
   NIC INSURANCE COMPANY
7

8              IN THE UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

10

| 11 | PHILIP SALBATO dba SALBATO CONSTRUCTION, | CASE NO.  3:07-cv-01992-JLS-LSP |
|----|---|---|
| 12 | | Orange County Superior Court |
| 13 | Plaintiff, | Action No.: 07CC07481 |
| 14 | v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TRANSFER OF CASE TO CURE DEFECT IN INITIAL VENUE (28 U.S.C. §§ 1404, 1406(A))** |
| 15 | NIC INSURANCE COMPANY erroneously sued as NAVIGATORS INSURANCE COMPANY; and DOES 1 through 200, inclusive, | |
| 16 | | |
| 17 | | |
| 18 | Defendants. | *(ACCOMPANYING PAPERS: NOTICE; DECLARATION OF SUSAN F. HALMAN)* |
| 19 | | |
| 20 | | DATE:      December 21, 2007<br>TIME:      10:30 a.m. |
| 21 | | JUDGE:    Hon. Janis L. Sammartino |
| 22 | | "ORAL ARGUMENT NOT REQUIRED" |
| 23 | | |

24      This case was originally filed by Plaintiff Philip Salbato dba Salbato

25  Construction in Orange County Superior Court.  As described in Defendant NIC

26  Insurance Company's Notice of Removal, the federal district court has subject matter

27  jurisdiction over this case based upon 28 U.S.C. § 1332(a) in that the matter in

28                                          1
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
   FOR TRANSFER OF CASE TO CURE DEFECT IN INITIAL VENUE

controversy exceeds the sum of $75,000 and is between the citizens of different states. Therefore, this case could have been properly removed by Defendant NIC Insurance Company ("NIC") to the Southern Division of the Central District of California. Due to a clerical error, however, Defendant's Notice of Removal was improperly filed within the Southern District of California, rather than in the Southern Division of the Central District of California.

Since the federal district court has proper subject matter jurisdiction over this diversity action, and this case could have been properly removed by Defendant to the Southern Division of the Central District of California, this Court may properly exercise its discretion to transfer this action to the Southern Division of the Central District of California, pursuant to 28 U.S.C. §§ 1404 and 1406(a).

### A.  Relevant Federal Statutes

Title 28 U.S. Code § 1332 states, in relevant part:

> § 1332. Diversity of citizenship; amount in controversy; costs
>
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States; ...

Title 28 U.S. Code § 1404. Change of venue states, in relevant part:

> § 1404. Change of venue
>
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Title 28 U.S. Code § 1406(a) states:

> § 1406 Cure or Waiver of Defects
>
> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Title 28 U.S. Code § 1446 states, in relevant part:

> § 1446. Procedure for removal
>
> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) … If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(Underline emphasis added.)

**B.    Relevant Facts**

On June 29, 2007, plaintiff Philip Salbato dba Salbato Construction ("Plaintiff"), a resident of San Diego County, commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Orange, entitled <u>Philip Salbato dba Salbato Construction, Plaintiff, v. Navigators Insurance Company;</u> and Does 1 through 200, inclusive, Defendants, as case no. 07CC07481. On July 25, 2007, plaintiff Philip Salbato dba Salbato Construction filed a First Amended Complaint to correct the name of the defendant insurance company to NIC Insurance Company, erroneously sued as Navigators Insurance Company. (*See*, Declaration of Susan F. Halman, Exhibit "A", filed herewith.) Counsel for NIC Insurance Company ("NIC") accepted service of Plaintiff's First Amended Complaint by mail on July 25, 2007.

1    When Plaintiff's action was filed, it could not be ascertained from either the
2 Complaint or the First Amended Complaint whether there was complete diversity
3 between the Plaintiff and Defendant and/or whether the amount in controversy
4 exceeded $75,000. Defendant NIC's counsel invited Plaintiff's counsel to provide
5 documentation of Plaintiff's alleged damages, but received no written response.
6    On August 27, 2007, NIC Insurance Company timely filed its Answer to
7 Plaintiff's First Amended Complaint in the Superior Court of the State of California
8 for the County of Orange, declaring that NIC Insurance Company is a New York
9 corporation, thereby establishing through a pleading filed in the action that there is
10 diversity of citizenship between the parties. However, the amount of the damages in
11 controversy remained unclear from any pleading "or other paper" filed in this action.
12 Consequently, on August 28, 2007, NIC served Form Interrogatories – Set One upon
13 Plaintiff using the Judicial Council of California Form DISC-001 (Rev. 1/1/2007),
14 requesting a response to Form Interrogatory no. 9.1 (requiring disclosure of specific
15 amounts of Plaintiff's alleged damages).
16    On October 2, 2007, Plaintiff Philip Salbato dba Salbato Construction served
17 Responses to NIC's Form Interrogatories – Set One ("Responses"), disclosing that the
18 specific amount of his damages claimed against Defendant NIC in this litigation
19 exceeds $75,000. Plaintiff's Responses served in this action now establish that the
20 amount in controversy in this action exceeds the jurisdictional minimum. Counsel for
21 NIC Insurance Company received Plaintiff's Responses on October 4, 2007.
22    Based upon NIC's Answer establishing the diversity of citizenship, and
23 Plaintiff's Responses establishing that the amount in controversy exceeds the statutory
24 minimum requirement of 28 U.S. Code § 1332(a), Defendant NIC timely filed its
25 Notice of Removal with this Court within thirty (30) days after its counsel received
26 Plaintiff's Responses to Defendant NIC's Form Interrogatories – Set One. *See*, 28
27 U.S.C. § 1446(b). However, through a clerical error, Defendant filed its Notice of
28

4

Removal with the federal district court for the Southern District of California, rather than the Southern Division of the Central District of California. *See* 28 U.S.C. §§ 84 and 1446(a).

### C. Legal Argument

There is no question that the federal district court has subject matter jurisdiction over this case pursuant to 28 U.S. Code § 1332(a). The sole issue is whether this Court will either: (i) choose to remand this case to the Orange County Superior Court (requiring Defendant NIC to re-file its Notice of Removal in the proper district court); or, more expeditiously, (ii) exercise its discretion to order this case transferred directly to the proper district court for initial removal – the Southern Division of the Central District of California – based upon the county in which the state court action was filed.

> A district court which determines that venue is improper for whatever reason, or that it lacks personal jurisdiction over the removed action, may then exercise its discretion to dismiss or transfer to a district court where both venue and jurisdiction are proper. … Upon determining that a defect in venue exists, 'it is enough simply that the court thinks transfer is in the interest of justice.' Wright, Miller & Cooper, *Federal Practice and Procedure* § 3827, at 270 (citations omitted). <u>Mortensen v. Wheel Horse Products, Inc.</u>, 772 F.Supp. 85, 90 (N.D. N.Y. 1991).

In <u>Mortensen</u>, the plaintiffs had filed a products liability action in the state court in Dutchess County, New York. The defendant timely filed a notice of removal based on diversity of citizenship between the parties. However, the notice of removal was filed in the Northern District, rather than in the Southern District of New York, within which Dutchess County is located. Citing the Fifth Circuit's decision in <u>Bentz v. Recile</u>, 778 F.2d 1026, 1028 (5th Cir. 1985) for its holding that removed cases meeting the standards of § 1406(a) may be transferred, the Northern District of New York held:

> Although this court cannot exercise jurisdiction because the case was removed to the wrong district, such a mistake on defendant's part does not require a remand to state court. Rather, in the interest of justice this court finds it appropriate to transfer the action to the proper federal court pursuant to § 1406(a) to cure the defect in venue.

This approach was followed by District Judge Vaughn R. Walker in his brief Order filed in <u>Woo Won Lee v. Thomas Tours & GSA, Inc.</u>, 1997 U.S. Dist. LEXIS

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TRANSFER OF CASE TO CURE DEFECT IN INITIAL VENUE

15324, in which District Judge Walker noted: "When a case is removed to the wrong district, a federal district court can transfer the case to the correct venue rather than remand the case to state court. Tanzman v. Midwest Express Airlines, 916 F. Supp. 1013, 1017 (S.D. Cal. 1996). *See also*, Ullah v. FDIC, 852 F.Supp. 218 (S.D. N.Y. 1992)("Federal courts have broad authority to reach a proper result by the most expedient means. Where a case can be sent directly to the proper site this may be done without resort to unnecessary intermediate steps")."

Applied to this case, these legal authorities and principles support Defendant NIC's request for this Court to exercise its discretion under 28 U.S. Code §§ 1404 and 1406(a) and to order this case transferred directly to the Southern Division of the Central District of California. Defendant NIC timely filed its Notice of Removal based upon diversity of citizenship between the parties, but simply filed the notice of removal in the wrong federal district court. This mistake was caused, in part, by Defendant NIC's counsel having noted Plaintiff's allegations in the First Amended Complaint ("FAC") that Plaintiff is an individual residing in the County of San Diego (*see*, Halman Decl., Exh. "A", FAC at ¶ 1), that the underlying events occurred in San Diego (*see*, Halman Decl., Exh. "A", FAC at ¶ 7), and that the underlying litigation was venued in the Superior Court for the County of San Diego (*see*, Halman Decl., Exh. "A", FAC at ¶ 8). Nevertheless, this case could have been properly removed to the Southern Division of the Central District of California, because venue there is proper based upon the state court action having been filed originally in the Superior Court of Orange County.

In this instance, it is in the interest of justice to avoid the "unnecessary intermediate steps" of remanding the case to the state court, thereby requiring Defendant NIC to re-file its notice of removal in the Southern Division of the Central District of California. Such a course of action would simply cause Defendant to incur the unnecessary attorneys fees and costs of a new separate filing. More importantly,

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR TRANSFER OF CASE TO CURE DEFECT IN INITIAL VENUE

these unnecessary steps could involve administrative delays which would jeopardize Defendant NIC's ability to re-file its Notice of Removal within the statutory deadline – *i.e.*, within thirty (30) days after receipt of Plaintiff's Responses establishing that this case meets the minimum jurisdictional amount in controversy. Defendant NIC should not be penalized because of its clerical error in removing to the wrong district court.

In the interests of justice, and to avoid a time delay which could jeopardize Defendant NIC's right to have this action heard in the federal district court, NIC respectfully requests this Court to exercise its discretion and to enter an order which corrects the defect in venue and transfers venue of this case to the Southern Division of the Central District of California, pursuant to 28 U.S. Code §§ 1404 and 1406(a).

Dated: October 19, 2007        SELVIN WRAITH HALMAN LLP


By: *Susan F. Halman*
Susan F. Halman
Attorneys for Defendant
NIC INSURANCE COMPANY

46030.doc

---

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TRANSFER OF CASE TO CURE DEFECT IN INITIAL VENUE